UNITED STATES, Appellant

v

WALTER C. PROW, Fireman,
U. S. Navy, Appellee

13 USCMA 63, 32 CMR 63

No. 15,676

April 27, 1962

*Commander Benjamin H. Berry,* USN, argued the cause for Appellant, United States.

*Lieutenant Colonel William H. Bennison,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

QUINN, Chief Judge:

Concluding that the sentence to a bad-conduct discharge imposed upon the accused by a special court-martial was "clearly excessive," a board of review changed it to confinement at hard labor for three months and forfeiture of $30.00 per month for a like period. At the same time, the board of review held that the confinement portion of the sentence was effective as of the date the original sentence was imposed by the court-martial; the forfeitures were ordered to take effect as of the date of the convening authority's action. Proceeding under Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Navy certified the following questions for our consideration:

"1. Was the action of the Board of Review in 'commuting' the sentence from bad conduct discharge to confinement at hard labor for three months and forfeiture of thirty dollars per month for three months a legal action?

"2. Was the Board of Review acting within its power in setting the effective date of the confinement as the date the sentence was adjudged by the court and the effective date of the forfeitures as the date of the action by the convening authority?"

Essentially, the change in sentence effected by the board of review is the reverse of the sentence modification presented in United States v Johnson, 12 USCMA 640, 31 CMR 226. In that case, the convening authority changed a sentence consisting of confinement at hard labor for one year and forfeiture of all pay and allowances to a bad-conduct discharge. We held this change illegal because it increased the severity of the sentence imposed by the court-martial. We pointed out that the "damage visited upon an accused by a sentence to confinement may not involve the serious consequences of a punitive discharge." United States v Johnson, supra, page 645. In United States v Smith, 12 USCMA 595, 31 CMR 181, we sustained the correctness of an instruction on a rehearing which authorized the court-martial to consider confinement as a lesser penalty than that of bad-conduct discharge and reduction to private imposed at the first trial. See also United States v Kelley, 5 USCMA 259, 17 CMR 259.

In a general way, and fully recognizing the possibility of a later collateral revision, an executed punitive discharge terminates military status as completely as an executed death penalty ends mortal life. Indeed, history records numerous instances of willing sacrifice of life in the interest of a particular cause. But, we are not dealing with individual preference to further a cause, great or small. We are concerned only with a question of legal power under the Uniform Code of Military Justice to modify the sentence imposed by a court-martial. See United States v Johnson, supra, page 642. A death sentence changed to confinement reduces the legal degree of punishment. United States v Russo, 11 USCMA 352, 29 CMR 168. Analogously, changing the military equivalent, the punitive discharge, to confinement lessens the severity of the punishment. How far we can carry the analogy need not detain us. Suffice it that the period of

**64**

confinement approved by the board of review is well within the limits defined in the earlier cases. We, therefore, answer the first certified question by saying that the board of review acted within its legal authority in changing the sentence as it did.

Consideration of the second certified question must start with Article 57 of the Uniform Code, 10 USC ■ § 857. Subsection (b) provides that "confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial." Since confinement here was not actually adjudged by the court-martial, it superficially appears the subsection is inapplicable. However, a closer look discloses that the generating source of the action of the board of review is the sentence of the court-martial. The board of review, therefore, was entirely justified in making the period of confinement it substituted for the punitive discharge relate back to the date sentence was originally imposed by the court-martial.

As to the effective date of the forfeitures, subsections (a) and (c) of Article 57 are pertinent. They provide as follows:

"(a) Whenever a sentence of a court-martial as lawfully adjudged and approved includes a forfeiture of pay or allowances in addition to confinement not suspended, the forfeiture may apply to pay or allowances becoming due on or after the date the sentence is approved by the convening authority. No forfeiture may extend to any pay or allowances accrued before that date.

• • • • •

"(c) All other sentences of courts-martial are effective on the date ordered executed."

Subsection (a) appears to be framed in permissive terms. It apparently contemplates that an appellate authority may, in its discretion, ■ change the effective date of the forfeiture from the date the sentence is ordered into execution to the date the sentence is approved by the convening authority. However, in discussing the statute, the Manual for Courts-Martial, United States, 1951, indicates it is mandatory, in that, if the date of effectiveness is not specifically deferred until execution of the sentence, the "forfeiture *will* apply to pay or allowances accruing to the accused on and after the date the convening authority approves such a sentence." (Emphasis supplied.) Manual for Courts-Martial, supra, paragraph 88*e* (2) (*b*), page 151. Under the Manual construction of subsection (a), the provision is a grant of authority to defer the effective date from the date of the action of the convening authority to the date of execution of the sentence, rather than a grant of authority to advance the date. *Ibid*, paragraph 126*h*, page 211. Whether the Manual's view of Article 57 is correct is immaterial here. What is important is that, from any point of view, forfeitures may be ordered to take effect as of the date of the convening authority's action, if the approved sentence includes unsuspended confinement. True, subsection (a) refers to forfeiture in "a sentence of a court-martial as lawfully adjudged and approved"; and, literally speaking, the forfeiture here was not adjudged by the court-martial. What we said earlier, however, about the board of review's action in regard to the confinement portion of the sentence is equally applicable. Consequently, the board of review's determination fully accords with the provisions of Article 57. We, therefore, answer the second certified question in the affirmative.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.