UNITED STATES, Appellee

v

EULAN L. BROWN, Staff Sergeant, U. S. Air Force, Appellant

13 USCMA 333, 32 CMR 333

*Captain Hugh J. Dolan* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial upon a charge of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, the accused pleaded guilty. The court returned findings consonant with that plea and sentenced accused to a bad-conduct discharge. Upon the recommendation of his staff judge advocate, the convening authority approved the sentence but commuted it to confinement at hard labor for six months and forfeiture of $43.00 per month for six months. Examination of the record in his office led The Judge Advocate General of the Air Force to refer it to a board of review. Upon the basis of their decision affirming the findings and sentence, he has certified the following questions to this Court:

"1. WAS THE BOARD OF REVIEW CORRECT IN ITS CONCLUSION THAT CONVENING, SUPERVISORY AND AFFIRMING AUTHORITIES, IN COMMUTING A PUNITIVE DISCHARGE TO A SENTENCE INCLUDING CONFINEMENT AT HARD LABOR, MAY IN THE EXERCISE OF THEIR DISCRETION PROVIDE THAT THE PERIOD OF CONFINEMENT SHALL BEGIN TO RUN FROM THE DATE OF THE COMMUTING ACTION?

"2. IF THE FIRST QUESTION IS ANSWERED IN THE NEGATIVE, WAS THE CONVENING AUTHORITY'S ACTION NONETHELESS LAWFUL IN LIGHT OF THE STAFF JUDGE ADVOCATE'S ADVICE TO THE CONVENING AUTHORITY THAT

SUCH ACTION APPROVED 'SIX MONTHS CONFINEMENT PLUS CONFINEMENT FOR THE PERIOD BETWEEN 6 APRIL 1962 (THE DATE OF TRIAL) AND THE DATE OF YOUR ACTION'?"

The accused's sentence was adjudged on April 6, 1962. The action of the convening authority was executed on May 1, 1962, and provides as follows:

"In the foregoing case of STAFF SERGEANT EULAN L BROWN, . . . the sentence is approved but is hereby reduced to forfeiture of $43.00 per month for six months and to confinement at hard labor for six months, *computed from the date of of this action.* The sentence as thus reduced is approved and ordered executed." [Emphasis supplied.]

The foregoing action was taken pursuant to the recommendation of the staff judge advocate, whose post-trial review contains the following discussion of the problem involved:

"If you concur in this recommendation, there is still a problem as to when the period of confinement at hard labor begins to run. The reduction of sentences by changing the nature of the punishment is relatively new, and at this time there are no reported cases available specifically answering this question. Article 57, UCMJ provides:

⋅    ⋅    ⋅    ⋅    ⋅

'(b) Any period of confinement included in a sentence of a court-

martial shall begin to run from the date . . . the sentence is adjudged by the court-martial.'

. . . . .

It is my opinion that the sentence recommended, including the confinement, was 'included in (the) sentence of (the) court-martial'. If it was considered otherwise, you would probably not be empowered to reduce the sentence to confinement. Therefore, you should consider that any confinement begins to run from the date of the sentence was adjudged i.e., 6 April 1962. Nevertheless, it is recommended that your action provide that six months confinement at hard labor begin to run as of the date of your action. You will, in effect, be approving six months confinement plus confinement for the period between 6 April 1962 and the date of your action. Such a sentence is, in my opinion appropriate.

## "6. RECOMMENDATIONS

"It is my recommendation that the sentence be reduced to six months confinement at hard labor, computed from the date of your action, and forfeiture of $43.00 per month for six months; that the record of trial be forwarded to The Judge Advocate General of the United States Air Force for examination; and the accused be confined in the 3320th Retraining Group, Amarilla Air Force Base, Texas."

In its opinion, the board of review considered only the issue whether a sentence to confinement resulting solely from commutation becomes effective upon the date the original penalty was adjudged or upon the date of the commuting action. In concluding that confinement thus made a part of the sentence need not be made to run from the date the original sentence was announced, it narrowly construed our holding in United States v Prow, 13 USCMA 63, 32 CMR 63.

In *Prow*, supra, we were asked to examine the action of a Navy board of review in changing a bad-conduct discharge to confinement at hard labor for three months and partial forfeitures for a like period, such confinement being made effective as of the day the original sentence was imposed by the court-martial. With regard to the effective date of the punishment to which the bad-conduct discharge was thus changed, we said, at page 65:

"Consideration of the second certified question must start with Article 57 of the Uniform Code, 10 USC § 857. Subsection (b) provides that 'confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial.' Since confinement here was not actually adjudged by the court-martial, it superficially appears the subsection is inapplicable. However, a closer look discloses that the generating source of the action of the board of review is the sentence of the court-martial. The board of review, therefore, was entirely justified in making the period of confinement it substituted for the punitive discharge relate back to the date sentence was originally imposed by the court-martial."

Our decision in *Prow*, supra, thus squarely provides the answer to the first certified question before us, and we believe that the board of review placed too much emphasis on our use of the term "justified" in analyzing that opinion to mean no more than that a commuting authority might, but need not, cause a sentence to confinement resulting from commutation to run from the date the original sentence was adjudged. As we noted there, it is the sentence of the court-martial—regardless of the penalties which it embraced—which is "the generating source" of the appellate action resulting in the change to confinement at hard labor and, under the provisions of Code, supra, Article 57, 10 USC § 857, we necessarily must hold that it is the date of adjudication, rather than that of the commuting action, which governs. Accordingly, the first certified question is answered in the negative.

Turning to the second issue, we are met with the argument on behalf of the United States that it was the intent

**335**

of the convening authority to follow the recommendation of his staff judge advocate and to make the approved sentence to confinement effective as of the date the original sentence was adjudged. This was to be accomplished, although not in so many words, by converting the discharge into physical restraint for a period of six months plus the number of days which had elapsed between the court's announcement of its penalty and the date of the action. In substance, then, the Government argues that the convening authority approved a sentence which included confinement at hard labor for six months and twenty-four days. Appellate defense counsel counter with the proposition that, in any event, the sentence to confinement is more severe than a bad-conduct discharge and, hence, could not have been so approved under any circumstances.

We immediately reject the defense contention. Considering the consequences of a bad-conduct ■■■■■■ discharge, we entertain no doubt that confinement at hard labor for six months and forfeiture of pay for a like period is a less severe penalty and that it was, therefore, within the competence of the convening authority so to reduce the punishment. United States v Prow, supra; United States v Smith, 12 USCMA 595, 31 CMR 181; United States v Johnson, 12 USCMA 640, 31 CMR 226.

At the same time, we believe that the Government's position relies too much on the rationale of the post-trial review at the expense of the definite and unambiguous terms of the action itself. It is undoubtedly true that the staff judge advocate adopted the view that any sentence to confinement must take effect from the date the punishment was adjudged and indicated that taking the action recommended would, in effect, be approval of confinement extending to six months and twenty-four days. The action itself, however, expressly approved a term of confinement extending only to six months. True, it sought to make such run from the date the commuted punishment was approved, but that is what we have held may not be done. United States v Prow, supra. Indeed, we have repeated that injunction in our answer to the first certified issue in this case. Actions, like the sentences ■■■■■■ upon which they are predicated, must be strictly construed. United States v Johnson, 13 USCMA 127, 32 CMR 127; United States v Cuen, 9 USCMA 332, 26 CMR 112. It would have been simple enough for the convening authority to have specified a term which included the elapsed twenty-four-day period had he desired to do so. As he did not, we are not willing to correct the omission by reference to external matters.

As the action itself provides for approval of a sentence to confinement at hard labor for six months, ■■■■■■ and as we have previously indicated our belief that such period must be given effect from the date of adjudication of the original punishment, we answer the second certified question in the negative. The action of the convening authority is accordingly modified to strike from it the phrase "computed from the date of this action."

As thus changed, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.