UNITED STATES, Appellee

v

MELQUIADES V. DARUSIN, Stewardsman,

U. S. Navy, Appellant

20 USCMA 354, 43 CMR 194

*Captain Michael J. Levin,* USMCR, argued the cause for Appellant, Accused. With him on the brief was *Captain R. O. Kellam,* JAGC, USN.

*Lieutenant Thomas F. Bastow,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever,* USMC, and *Commander Michael F. Fasanaro, Jr.,* JAGC, USN.

## Opinion of the Court

QUINN, Chief Judge:

At a trial before a military judge sitting without court members, the accused entered a plea of guilty to a charge of unauthorized absence and not guilty to other offenses. He was acquitted of the latter but found guilty of the unauthorized absence and sentenced to confinement at hard labor for five months, a bad-conduct discharge, and accessory penalties. On review, error in the proceedings led the convening authority to set aside the findings of guilty and the sentence and to order a rehearing of the absence charge. At the rehearing, the accused again entered a plea of guilty to unauthorized absence. During the inquiry into his understanding of the meaning and effect of a plea of guilty, the following question was asked, without objection, and the accused answered as indicated:

"MJ: Do you understand that, if I find you guilty then I can proceed and sentence you to the maximum punishment authorized for this court for this offense under these circumstances which is: reduction to the grade of pay grade E–1, total forfeiture of pay and allowances, confinement at hard labor for five months, discharge from the service with a bad conduct discharge and if I do not award a discharge, confinement at hard labor for one year? Do you understand that?

"ACC: Yes, sir."

No other mention was made of the maximum punishment. During the sentence proceedings, the accused expressed his desire to remain in the Navy because he wanted to show people he was "very proud" of his military service and he wanted his child "to be proud" of him. Trial counsel argued for imposition of a bad-conduct discharge as appropriate punishment for the offense. The judge sentenced the accused to a bad-conduct discharge, confinement at hard labor for five months with credit for previous confinement, and accessory penalties of the same kind imposed at the first trial.

This Court has held that material misadvice as to the maximum punishment to which he may be subject can so mislead the accused as to render improvident a plea of guilty predicated thereon. United States v Turner, 18 USCMA 55, 39 CMR 55 (1968); United States v Zemartis, 10 USCMA 353, 27 CMR 427 (1959). Whether these cases retain their vitality in view of Brady v United States, 397 US 742, 25 L Ed 2d 747, 90 S Ct 1463 (1970), need not detain us; we assume that they do, and directly consider whether the trial judge misstated the punishment which could be imposed upon the accused.

With exceptions not applicable here, Article 63(b), Uniform Code of Military Justice, 10 USC § 863, provides that at a rehearing "no sentence in excess of or more severe than the original sentence may be imposed." See

United States v Kelley, 5 USCMA 259, 262, 17 CMR 259 (1954). In terms of their respective disadvantages "the damage visited upon an accused by a sentence to confinement may not involve the serious consequences of a punitive discharge." United States v Johnson, 12 USCMA 640, 645, 31 CMR 226 (1962). We have, therefore, recognized that substitution of a period of confinement for a punitive discharge does not ordinarily produce an increase in the severity of the punishment. United States v Brown, 13 USCMA 333, 32 CMR 333 (1962); United States v Prow, 13 USCMA 63, 32 CMR 63 (1962). We took cognizance of this circumstance in connection with a rehearing before a court-martial. United States v Smith, 12 USCMA 595, 31 CMR 181 (1961); United States v Brousseau, 13 USCMA 624, 33 CMR 156 (1963).

In the *Smith* case, the accused was sentenced at his first trial to a bad-conduct discharge and reduction in grade. At a rehearing, the court members were instructed that " 'in lieu of the punitive discharge' " they could adjudge, among other punishments, confinement at hard labor, if the substituted punishment was " 'of a lesser degree of severity than a bad conduct discharge.' " We determined that the instructions were "substantially proper." *Id.*, at page 596. In *Brousseau*, supra, at page 626, we concluded that the instructions were improper because they did not allow the court members to "take into consideration the possible substitution of other punishments for the previously adjudged bad-conduct discharge, confinement and reduction."

It is apparent that here the trial judge concluded that confinement for seven months could properly be substituted for the previously adjudged bad-conduct discharge, with the result that, as an alternative to the combination of a bad-conduct discharge and confinement for five months provided in the original sentence, the accused could be sentenced to confinement for one year.

The variety of factors bearing upon the relative severity of a punitive discharge and other punishments has tended to discourage the establishment of a fixed table of substitutions. See United States v Johnson, supra. We have, however, identified certain standards of comparison. In Jones v Ignatius, 18 USCMA 7, 9, 39 CMR 7 (1968), we determined that the period of confinement substituted for a punitive discharge could not be "used to increase the remaining punishment beyond that allowed by law." Cf. Williams v Illinois, 399 US 235, 26 L Ed 2d 586, 90 S Ct 2018 (1970). As regards particular periods of confinement, we have held that the substitution of confinement at hard labor for six months in place of a punitive discharge did not increase the severity of the sentence. United States v Brown supra. In United States v Johnson, supra, we invalidated substitution by the convening authority of a bad-conduct discharge for the part of a sentence adjudged by the court-martial providing for confinement at hard labor for one year on the ground that such action violated a statutory prohibition against punitive separation from the service except by sentence of a court-martial. Inferentially, our opinion supports the view that a reverse substitution, that is, replacement of an adjudged punitive discharge with confinement at hard labor for one year, would not increase the severity of the sentence. An Air Force appellate tribunal has so construed *Johnson*. United States v Owens, 36 CMR 909 (AFBR 1966).

As noted earlier, the substitution in this case is seven months confinement for a bad-conduct discharge. Measured by the standard recognized in *Owens*, the substitution is legal. For purposes of this appeal, however, we need not decide the correctness of the *Owens* decision, or consider the implications of United States v Johnson, supra. United States v Brown, supra, specifically approved substitution of confinement for six months in place of a bad-conduct discharge. Thus, the most that can be said in support of

the accused's position is that the trial judge overstated the maximum period of confinement by one month. Considering that the accused had pleaded guilty to the offense at the first trial, when he had been informed that the authorized penalty included a dishonorable discharge and confinement at hard labor for one year, and that at the rehearing his concern was not with the period of confinement but that he be allowed to remain in the service, we have no doubt whatever that the misadvice, if such it was, relating to the period of confinement did not affect the voluntariness or the providence of the accused's plea of guilty. Nothing in the record even remotely suggests that fear of a punishment that possibly included one month more of confinement than allowed by law influenced the accused in his decision to plead guilty. See Brady v United States, supra.

The decision of the United States Navy Court of Military Review is affirmed.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

I believe that the military judge was in error when he informed the accused that it was within his power to sentence the accused to hard labor for one year in the event he did not award a bad-conduct discharge. Cf. United States v Brown, 13 USCMA 333, 32 CMR 333 (1962). However, since under the particular circumstances of this case, I do not believe that the accused was prejudiced by the erroneous statement, I concur in the result reached by my brothers.