UNITED STATES, Appellee,

v.

Harold J. SMITH, Private First Class,
U. S. Army, Appellant.

No. 35,501.

SPCM 12224.

U. S. Court of Military Appeals.

Oct. 14, 1980.

For Appellant: *Captain Robert L. Gallaway* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles E. Byler* (on brief); *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain Charles E. Schmit, Captain Buren R. Shields, III.*

For Appellee: *Captain Charles A. Cosgrove* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major David McNeill, Jr., Captain Brian X. Bush* (on brief); *Major Robert B. Williams, Captain Michael J. Wall, Captain Douglas P. Franklin.*

*Opinion of the Court*

EVERETT, Chief Judge:

Consistent with his pleas, appellant was convicted by special court–martial of conspiracy to sell and possession of marihuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934, respectively. Thereupon, he was sentenced to a bad–conduct discharge, confinement at hard labor for 4 months, forfeiture of $240 pay per month for 4 months, and reduction to the lowest enlisted grade. The convening authority approved the findings and the sentence, except for reduction of the confinement to 3 months.

Upon initial review, the United States Army Court of Military Review ordered a limited hearing to determine if the court–martial had subject–matter jurisdiction over the offenses of which Smith was convicted. *See O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). At the conclusion of the hearing the military judge decided that such jurisdiction did exist. *See Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). Upon further review, the Court of Military Review agreed and, accordingly, affirmed the findings and the sentence as approved below.

Thereafter, this Court granted the appellant's petition for review of this determination. *United States v. Smith,* 5 M.J. 124 (C.M.A.1978). Ultimately, a majority of the Court concluded that the court–martial lacked jurisdiction to try the possession charge. *United States v. Smith,* 7 M.J. 327 (C.M.A.1979). We ordered, therefore, dismissal of the charge and its specification and remand of the record to the Court of Military Review for reassessment of the sentence based on the remaining findings of guilty. Judge Cook dissented in the belief that military jurisdiction over the possession charge was established by its close relationship to the conspiracy offense–as to which such jurisdiction concededly existed.

■ In due course, the Government petitioned this Court to reconsider our decision, and the petition was granted. *United States v. Smith,* 8 M.J. 36 (C.M.A.1979). Upon reconsideration, we agree with the Government that, under the facts of this case, court–martial jurisdiction did exist over the possession offense, as well as over the conspiracy to sell.

The record establishes that the appellant accompanied a fellow soldier on weekend leave from Fort Campbell, Kentucky, to the latter's home in Etowah County, Alabama. On Saturday, January 31, 1976, they agreed to pool their resources to purchase a pound of marihuana to bring back to Fort Campbell for sale. While they were not particular whether to sell to civilians or fellow service members, the facts reveal that the military community was the primary target–especially the members of their company and battalion. On that same date, the

purchase was made from one of the former high school classmates of the co–conspirator. The record further indicates that the appellant was in possession of his portion of the marihuana on Sunday, February 1, and on Monday, February 2. These events gave rise to the charges that the appellant had conspired on or about January 31, 1976, to sell marihuana to fellow servicepersons at Fort Campbell, Kentucky, and that on or about February 1, 1976, he had wrongfully possessed 208.52 grams of marihuana.

Under the agreement the marihuana possessed clearly was directed back to Fort Campbell for sale to fellow soldiers of the appellant. This conduct is inimical to the efficient operation of the military and, under these facts, is of particular concern to the military. Under the rationale of *United States v. Trottier,* 9 M.J. 337 (C.M.A. 1980), this conduct may be reached for prosecution and punishment by the military. The constitutional interests of the military simply cannot be vindicated adequately in any other way.

■ Upon reconsideration, the decision of the United States Army Court of Military Review is affirmed.[1]

Judge Cook concurs.

FLETCHER, Judge (concurring in part and dissenting in part):

I concur with the majority as to the conspiracy charge,[1] but must dissent as to the possession charge. I believe the rationale of *United States v. Hedlund,* 2 M.J. 11 (C.M.A.1976), is correct.[2]

---

1. The Government urges that, as the jurisdiction of a special court–martial is limited to a sentence, *inter alia,* of confinement for 6 months, the appellant had no constitutional right to a trial by jury. *See Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). As this right was an important underpinning of the *O'Callahan* decision, the Government now submits that the *O'Callahan* limitation on court–martial subject–matter jurisdiction is inapplicable to offenses tried by special court–martial. Without analyzing the finer points of the government's argument, we note that it ignores the fact that a bad–conduct discharge, which was within the sentencing prerogatives of this special court–martial, is

itself a severe punishment exceeding the equivalent of 6 months' imprisonment. *United States v. Brown,* 13 U.S.C.M.A. 333, 32 C.M.R. 333 (1962); *United States v. Prow,* 13 U.S.C. M.A. 63, 32 C.M.R. 63 (1962); *United States v. Smith,* 12 U.S.C.M.A. 595, 31 C.M.R. 181 (1961). Therefore, the *O'Callahan* rationale is fully applicable to special courts–martial authorized to adjudge a bad–conduct discharge.

1. *See United States v. Smith,* 5 M.J. 124 (C.M. A.1978).

2. *United States v. Trottier,* 9 M.J. 337 (C. M.A.1980); *United States v. Norman,* 9 M.J. 355 (C.M.A.1980).