UNITED STATES

v.

Willie COLEMAN, Seaman Recruit,
U.S. Coast Guard.

CGCM 0031.
Docket No. 944.

U.S. Coast Guard Court of
Military Review.

30 Aug. 1990.

Trial Counsel: LT James A. Wilson, USCGR.

Detailed Defense Counsel: LT Jeffrey D. Stieb, USCG.

Appellate Government Counsel: CDR Richard T. Buckingham, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG (On Brief), LT G Arthur Robbins, USCG.

Before Panel Two, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

Tried by general-court martial judge alone, appellant, in accordance with a pretrial agreement, entered pleas of guilty to two specifications of unlawful entry into rooms of two Navy enlisted women in the Bachelor Enlisted Quarters and one specification of indecent assault upon one of those women in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. After conviction of these offenses in accordance with his pleas, appellant was sentenced by the judge to a dishonorable discharge, confinement for eighteen months and forfeiture of $650.00 per month for eighteen months. The Convening Authority approved the forfeitures as adjudged, converted the dishonorable discharge to eighteen months additional confinement and approved the total of thirty six months confinement, with confinement in excess of eighteen months suspended for fifteen months.

Appellant has assigned as one of the errors before this Court that the Convening

Authority's action exceeded the express terms of the pretrial agreement. Additionally, he asserts that the Convening Authority's ostensible "commutation" of the dishonorable discharge to additional confinement was improper because it was in real terms an increase in the severity of the sentence. As a third assignment, appellant contends that the Convening Authority improperly refused to grant appellant forty two days of administrative credit on his sentence to confinement. Each of these assigned errors will be addressed.

I

*Did the Convening Authority's Action Exceed the Express Terms of the Pretrial Agreement?*

As indicated, the judge imposed a sentence of dishonorable discharge, eighteen months confinement and forfeitures of $650.00 per month for eighteen months. The sentence terms of the pretrial agreement set out the following limitations with respect to confinement:

B. CONFINEMENT

No sentence of confinement in excess of three years will be approved and no sentence conversion may be made such that the total of all confinement to be served will exceed three years.

Any confinement in excess of 15 months will be suspended by the Convening Authority provided that:

1. The accused willingly submits to evaluation and testing by the brig staff clinical psychologist; and

2. During the first 15 months of confinement, the accused will attend and participate in counseling as recommended by said staff psychologist.

The Convening Authority shall designate a Naval Brig with a staff clinical psychologist as the place of confinement.

Record of Trial, Appellate Exhibit III.

The agreement also provided that: "2. The Convening Authority may convert any adjudged sentence to any lesser punishment or punishments provided the other terms of this sentence limitation are not violated." Record of Trial, Appellate Exhibit III.

Acknowledging those limitations, the Staff Judge Advocate (SJA) recommended commutation of the dishonorable discharge to eighteen months additional confinement for a total of thirty six months and advised the Convening Authority that: "[i]n accordance with your pre-trial agreement with SR Coleman, you will be required to suspend any confinement over 15 months should SR Coleman fulfill that part of the pre-trial agreement requiring him to participate in psychological counseling." Record of Trial, Staff Judge Advocate Recommendation dated December 11, 1989 at page 3. Three days later, the Staff Judge Advocate supplemented that advice with information concerning confinement credits required administratively by Naval Brig regulations and concluded that:

If your Convening Authority Action is worded to suspend all confinement in excess of 15 months, as I initially recommended, SR Coleman would serve slightly less than 12 months in the brig. Since that was neither the intent nor understanding of all parties to the agreement, as evidenced by the discussion on page 209 of the Record of Trial, my advice to you now is that you suspend only that confinement which is in excess of 18 months. The brig will automatically credit SR COLEMAN for his pretrial confinement and your commitments under reference (c) [the pretrial agreement] will still be satisfied.

Record of Trial, Supplemental Staff Judge Advocate Recommendation dated December 14, 1989 at page 1.

The Convening Authority acted in accord with the Staff Judge Advocate's advice as augmented by the supplemental recommendation, commuting the dishonorable discharge to eighteen months confinement, approving the total of thirty six months confinement and suspending the confinement in excess of eighteen months.

Before the Convening Authority acted, the Detailed Defense Counsel responded to the Staff Judge Advocate's recommendations by challenging the commutation of

the dishonorable discharge as increasing the severity of the sentence rather than reducing it, but said nothing with respect to the recommendation concerning suspension of the confinement. Appellate Defense Counsel argues now that the Convening Authority's action suspending confinement in excess of eighteen months violated his agreement to suspend "any confinement in excess of 15 months." The government, in response, contends that the statements of the parties at trial, coupled with the Defense Counsel's silence concerning this issue in his response to the Staff Judge Advocate's recommendation, demonstrate full agreement with the Staff Judge Advocate's description of mutual intent and understanding.

■■ Moreover, the government, citing *U.S. v. Goode,* 1 MJ 3, 6 (CMA 1975) and *U.S. v. Hannan,* 17 MJ 115, 124 (CMA 1984), asserts that the defense's failure to object, comment on, or take exception to the Staff Judge Advocate's supplemental recommendation on this matter should be construed as a waiver of the issue. We agree that normally failure to object to matters raised in the Staff Judge Advocate's review will result in waiver of such issues before this Court. Rule for Courts–Martial (RCM) 1106(f)(6); *U.S. v. Goode, supra.* In this instance, however, we deem the subject of compliance with the express terms of a pretrial agreement to be a substantial matter which could seriously affect the fairness and integrity of our military judicial process. In other words, if appellant's contention is correct that the plea bargain has been violated by the Convening Authority, it would constitute plain error. Accordingly, we will address the issue to determine whether the accused's rights in this regard have been violated, despite his defense counsel's failure to challenge the Staff Judge Advocate recommendation.

■ On its face, there appears to be a basic conflict between the written promise of the Convening Authority and his ultimate action on the sentence. The agreement said the Convening Authority would suspend any confinement in excess of fifteen months, but his action suspended confinement in excess of eighteen months. The Staff Judge Advocate's justification for this action was that the pretrial incarceration and excess confinement served on a previous sentence, together, totaled ninety eight days. When that number is subtracted from the approved unsuspended eighteen months confinement, as ordered by the military judge, it would automatically result in the accused's serving less than fifteen months. Thus, it was the Staff Judge Advocate's view that suspension of confinement in excess of eighteen months would satisfy commitments under the pretrial agreement. The conclusion was based on the asserted intent and understanding of the parties, as supported by the record of trial.

Since the pretrial agreement does not spell out whether it was contemplated that fifteen months confinement was to be served or merely approved before suspension, we must look to the record for whatever insight it may provide on this matter. The thorough inquiry by the Military Judge into the terms and understandings of the pretrial agreement provides us the precise answer to this question. All parties were in agreement that the Convening Authority could wait until the accused had served a full fifteen months of confinement before suspending the remainder. This conclusion was explicitly stated by the judge and agreed to by all parties:

> JUDGE SMITH: [M]y understanding is . . . that the accused has to spend the full 15 months in confinement before the convening authority has to suspend the remainder and that the credit that I'm ordering of 77 days [for pretrial confinement] does not affect the convening authority's decision time, he waits the 15 months, and the 77 days essentially are credited against the last three months of the adjudged sentence?

> LT WILSON: That's the government's understanding, sir.

> JUDGE SMITH: And that's your understanding, Mr. Stieb?

> LT STIEB: That is the understanding I had with Mr. Wilson.

JUDGE SMITH: And that's your understanding as well?

THE ACCUSED: Yes, sir.

Record of Trial at 209–210.

Pursuant to this understanding, the Convening Authority, could have deferred his suspension until fifteen months confinement had been served. Instead, he went ahead and suspended all confinement in excess of eighteen months at the time he approved the sentence. Such action was based on information that upon the crediting of ninety eight days, as ordered by the judge, the plea bargain requirement of fifteen months served confinement would be satisfied. This conclusion derives from Navy confinement crediting procedures which the Staff Judge Advocate conveyed to the Convening Authority: "Naval regulations call for the credit to be subtracted from the confinement actually approved and not suspended." Record of Trial, Supplemental Staff Judge Advocate Recommendation dated December 14, 1989 at page 1.

In point of fact, to the accused's benefit, such crediting of ninety eight days on the approved unsuspended eighteen months confinement results in less than fifteen months being served, even without the subtraction of possible good time to which the appellant might be entitled. This could very well be the reason Defense Counsel did not comment on the suspension recommendation since he had agreed on the record that the accused could be required to serve a full fifteen months before confinement was suspended.

In light of the foregoing, we agree with the government that the Convening Authority met the terms of the pretrial agreement, despite the apparent conflict between the words of the plea bargain requiring suspension of any confinement in excess of fifteen months and the action of the Convening Authority suspending confinement in excess of eighteen months. Accordingly, appellant's assignment concerning the suspended confinement is rejected.

II

*Was the Convening Authority's Conversion of the Dishonorable Discharge to Eighteen Months Confinement A Proper Commutation of the Sentence?*

Appellant, while acknowledging that a punitive discharge properly may be commuted to confinement in an appropriate case, *U.S. v. Hodges*, 22 MJ 260 (CMA 1986), contends that this is not such a case. Appellant bases his argument on the expectation that an approved but unexecuted bad conduct discharge from an earlier unrelated court-martial will ultimately cause his punitive separation from the service. Thus, despite removal of a discharge from the punishment in this case through the conversion of the instant dishonorable discharge to eighteen months confinement, appellant says he will still be subject to the stigma of a punitive discharge. Accordingly, he argues that the severity of his punishment has not been reduced. In his view, the punishment has been increased by adding eighteen more months confinement to his sentence, without the elimination, in fact, of a punitive discharge.

Government Counsel acknowledges that conversion of a sentence element which results in an enlargement of the punishment would be improper. Rule for Court–Martial 1107(d)(1). He argues, however, that the commutation here resulted in a substantial reduction in the severity of the sentence and that such a possible change in the sentence was contemplated by the pretrial agreement's clause authorizing conversion. Accordingly, he contends the Convening Authority's action was perfectly proper, particularly, after the defense was afforded ample notice and opportunity to comment on and attempt to dissuade the Convening Authority from the recommended action of the Staff Judge Advocate. In that regard, the defense did submit objections to the proposed commutation in an effort to convince the Convening Authority not to change the discharge to confinement. In so doing, he explained how the additional confinement would work a hardship on appellant and was in reality an

increase in punishment from appellant's perspective. The Convening Authority, however, was unpersuaded.

 We will independently assess the effect of this action on appellant, because the law is clear: if the modification results in an expansion of the sentence rather than a contraction, it is improper and must be voided. In so testing, the accused's views on whether the change is more severe or not, as set out in his response to the Staff Judge Advocate, warrant consideration as bearing on the ultimate characterization. *Waller v. Swift*, 30 MJ 139 (CMA 1990), *Bernard v. Commander, Naval Surface Forces, U.S. Atlantic Fleet*, 9 MJ 820, 823 (NCMR 1980). Moreover, as the U.S. Court of Military Appeals has said, "the process of commutation cannot be handled mechanically." *U.S. v. Hodges, supra,* at 262. With that in mind, we will evaluate the Convening Authority's sentence action.

 Case law tells us that confinement generally is less serious than a punitive discharge and that the changing of a punitive discharge to a period of confinement that is within legal limits normally results in a lessening of the sentence. *U.S. v. Hodges, supra, U.S. v. Darusin,* 20 USCMA 354, 356, 43 CMR 194, 196 (1971), *U.S. v. Brown,* 13 USCMA 333, 32 CMR 333 (1962), and *U.S. v. Prow,* 13 USCMA 63, 32 CMR 63 (1962). Accordingly, viewing the sentence action in this case without regard to other actions independent of this particular court-martial, we would have to say that converting the dishonorable discharge to eighteen months confinement standing alone would be a lawful commutation of the sentence, because it would remove the stigma of the most onerous form of punitive discharge and would be within the legal limits provided by the pretrial agreement. The appellant, however, contends that the Convening Authority's action was not an independent action, that it was closely tied to and dependent upon the contemplated action of the Commandant with respect to the appellant's earlier sentence. As a result, he argues the two actions and sentences must be viewed together.

 In support of this argument, appellant has attached, as Appendix C to his brief, the last page of the clemency review and recommendation under Article 74(a), UCMJ, 10 U.S.C. § 874(a) and Article 8–E–6d.(4) of the Coast Guard Personnel Manual with respect to the sentence in his earlier court-martial. In this regard, we note that appellant did not move to file this document with the Court as contemplated by the U.S. Court of Military Appeals. *See, U.S. v. Vangelisti,* 30 MJ 234 (CMA 1990). The government, in its response to appellant's brief, has not objected to our consideration of this appendix or to other documents filed as appendices A and B. Accordingly, notwithstanding the absence of a motion with respect to these documents, we expressly grant leave to the filing of these three appendices by appellant and will consider them in conjunction with the assignments of error. Furthermore, we will judicially note the entire clemency review document and the action by the Commandant of February 2, 1990, rather than considering only the last page of that review as submitted by appellant.

 The comments on pages 3 and 5 of the clemency review clearly support appellant's contention of an interrelationship. In paragraph 3.g. on page 3 of that review, the Commandant's Chief of the Office of Personnel and Training discusses the Convening Authority's contemplated action with respect to the instant court-martial. He says:

The Convening Authority has not yet acted on findings of the September 1989 General Court-martial. [The court-martial presently before this Court.] He has, however, reviewed the recommendation of his Staff Judge Advocate as well as documents submitted pursuant to RCM 1105 by the detailed defense counsel. Based on this review, he intends to approve and execute the forfeitures and sentence to confinement. *If you authorize the execution of the BCD which SR Coleman received from the court-martial sentence which is the subject of this clemency review, the Convening Authority will commute the DD from the*

*second general court-martial to an additional 18 months confinement.*

Chief, Office of Personnel and Training letter dated January 22, 1990 at page 3. [Emphasis added.]

Thereafter, on page 5, the last page of the review, in paragraph 6.c., the Chief of Personnel says:

c. While I feel that a DD more accurately describes the character of his service, I agree with the Convening Authority that commuting the DD to an extra 18 months confinement and authorizing execution of the BCD is in the best interests of the the [sic] Coast Guard and society as a whole. Authorizing execution of the BCD is the least time consuming method of getting SR Coleman out of the Service. He can be discharged as soon as the Convening Authority acts on the sentence from the second court-martial. In order to execute the DD, SR Coleman will have to be placed on appellate leave pending the completion of the appeal process. The Convening Authority feels that he is a threat to others and the extra confinement will keep him out of society as long as possible.

Chief, Office of Personnel and Training letter dated January 22, 1990 at page 5.

Appellant argues that the motivation for changing the dishonorable discharge to confinement, as so expressed, "makes a travesty of the entire commutation process and should not be allowed...." Brief for Appellant at 8. We do not necessarily agree with appellant's conclusion in this regard. We do agree, however, that the clemency review for the earlier sentence and the Staff Judge Advocate's recommendations here establish with certainty that the contemplated final action by the Commandant on the affirmed sentence from the first court-martial and the contemplated action by the Convening Authority on the sentence in the instant court-martial were intimately tied together. Accordingly, we will evaluate the Convening Authority's action in conjunction with that earlier sentence, as urged by appellant, rather than considering the commutation on its own terms standing alone. In so doing, we

judicially note that the Commandant, on February 2, 1990, denied clemency in the earlier case and stated that, "The Bad Conduct Discharge may be executed."

As a result, the appellant's contention is correct: conversion of the dishonorable discharge to eighteen months confinement will not prevent punitive separation from the Coast Guard. Appellant will receive a bad conduct discharge upon completion of the instant sentence. That fact, however, is not dispositive of the issue. While it has a bearing, we believe the ultimate decision on this matter rests essentially on our determination whether the difference between a dishonorable discharge and a bad conduct discharge is such that a conversion of the former to the latter will result in an overall lowering of the sentence, even when coupled with an additional eighteen months confinement.

A bad conduct discharge is undeniably less severe than a dishonorable discharge, accounting for our reduction of the dishonorable discharge to a bad conduct discharge in appellant's earlier court-martial. Doubling the adjudged confinement of eighteen months to thirty six months is just as certainly a significant increase in the punishment. The additional confinement, however, has been suspended by the Convening Authority so that further incarceration of appellant may never result. With this in mind, we have concluded that the Convening Authority's transformation of the dishonorable discharge to eighteen months suspended confinement is a reduction in severity of the sentence. Although the appellant now faces a bad conduct discharge, it is less onerous than a dishonorable discharge and, most importantly, less than fifteen months approved confinement will be served if he adheres to the terms of the suspended additional confinement. We believe that such a sentence constitutes a lessening in fact of the punishment. Accordingly, the second assignment of error is rejected. The Convening Authority's action was a lawful commutation of the sentence.

### III

*Did the Convening Authority Improperly Refuse To Grant Appellant Forty–Two Days of Administrative Credit On His Sentence to Confinement?*

At trial, Defense Counsel moved for twenty one extra days of credit to be applied to his adjudged confinement, in addition to the seventy seven days pretrial confinement already credited by the Military Judge, because he had served eighteen months and twenty one days on his first court-martial sentence before being released upon this Court's reduction of his punishment to eighteen months confinement. The judge granted that motion and ordered twenty one days credit to confinement based on the Eighth Coast Guard District Commander's Supplemental General Court–Martial order in the earlier case.

In both that order and this Court's decision, it was stated that: "All rights, privileges, and property of which the accused has been deprived by virtue of that portion of the sentence set aside shall be restored." Eighth Coast Guard District General Court–Martial Supplemental Order of May 5, 1989, and *U.S. v. Coleman*, 28 MJ 656, 658 (CGCMR 1989). Normally, there is no means of restoring to an accused his loss of freedom from a sentence that results in improper incarceration. The judge, however, agreed with defense that in this case such could be accomplished through additional credits on the instant sentence to confinement.

The defense now argues that an additional forty two days should also be credited, over and above that ordered by the judge, because the accused was held sixty three days beyond his release date rather than the twenty one days considered by the judge. This argument is based on "good time" earned by the accused while serving his earlier sentence. The Defense Counsel urged the Convening Authority to grant this additional credit when acting on the instant sentence. In response, the Staff Judge Advocate termed the defense submission "ludicrous" and the Convening Authority chose not to honor the request.

Government Counsel contends that it is without precedent to credit the current sentence for "good time" earned under a previous confinement and for that reason says the defense request was properly denied by the Convening Authority. The government may be correct regarding precedent on this matter, but, under the circumstances of this case, we believe such a crediting is warranted.

First, the judge's ruling that the appellant was entitled to an offset of twenty one days makes the principle of crediting previous confinement the law of this case. That action was based on release-date information provided at the time. More complete information available now, and when the Convening Authority acted, establishes that the release date should have been forty two days earlier. Accordingly, we believe the law of the case justifies the additional confinement credit. Equally important, however, is our recognition of the interrelated treatment of the two sentences, as discussed with respect to commutation. If the earlier sentence provided the underpinning for approving additional confinement in this case, it seems only fitting that credit due from that first sentence be charged against the added confinement before us. For these reasons, we find merit in appellant's assignment of error.

For the foregoing reasons, and after review of the record pursuant to Article 66, UCMJ, 10 U.S.C. § 866, the findings of guilty and the sentence as approved, commuted and partially suspended below are affirmed. Appellant shall be credited with forty two additional days of confinement for a total of 140 days credit on the affirmed confinement.

Judges GRACE and BASTEK concur.