# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Roscoe C. STETTEN
## Gunners Mate Second Class (E-5), U.S. Coast Guard

## CGCMS 24224

## Docket No. 1164

## 25 June 2002

Special Court-Martial convened by Commanding Officer, Coast Guard Cutter SHERMAN (WHEC 720). Tried at Alameda, California, on 14 November 2001.

| | |
|---|---|
| Military Judge: | CDR Michael J. Lodge, USCG |
| Trial Counsel: | LT(jg) Bradley D. Newberry, USCG |
| Assistant Trial Counsel: | LT Michelle Bas, USCG |
| Defense Counsel: | LT(jg) Greg Ryan, JAGC, USNR |
| Assistant Defense Counsel: | LT Virgil C. Southall, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

### BEFORE
### PANEL TEN
### BAUM, BRUCE, & CAHILL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of two specifications of disobeying a lawful command from his superior commissioned officer to return to his ship, and two specifications of missing ship movement, in violation of Articles 90 and 87, respectively, of the Uniform Code of Military Justice (UCMJ).

Appellant was sentenced to a bad conduct discharge and confinement for sixty days, which was within the terms of the pretrial agreement, and was approved by the convening authority. This case was initially submitted on its merits. We directed Appellate Government and Defense Counsel to submit briefs on the appropriateness of Appellant's sentence. In response to our order, Appellant submits that a bad conduct discharge is inappropriately severe. We disagree. We have carefully considered the nature of the offenses, the sentencing evidence,

and arguments of counsel, both at trial and on appeal. Although Appellant has received serious and substantial punishment for his offenses, we are not persuaded that his sentence is inappropriate. Under the UCMJ, this Court is not authorized to grant clemency. *United States v. Healy,* 26 M.J. 394, 395-96 (1988); *cf. United States v. Hutchison,* 56 M.J. 684, 687-89 (C.G.Ct.Crim.App. 2001)(Service Courts of Criminal Appeals are not precluded from sentence actions with attributes of clemency). We must leave it to those who have authority to grant clemency to decide if clemency is appropriate in this case.[1]

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

BAUM, Chief Judge (concurring in part and dissenting in part):

I concur with affirming the findings of guilty and sixty days confinement, but do not believe a bad conduct discharge for this Appellant and his offenses is appropriate. As brought out at trial, and underscored in Appellant's submission to the Court, he had nearly ten years exemplary service in the U. S. Marine Corps and the Coast Guard, with numerous awards and commendations, and no previous disciplinary infractions. The record discloses that Appellant's ship was returning to Alameda, California from an extended deployment in the Persian Gulf and that Appellant had been temporarily assigned to the Integrated Support Command (ISC) at Alameda, California so that he could attend to his divorce and other personal matters prior to his expected discharge on 31 March 2002 when his enlistment was due to expire. When twice ordered to return to his ship, which was first scheduled to transit from Barbados to Aruba and then from Aruba to San Diego, California, Appellant refused to go each time in light of unspecified family problems. He continued to faithfully perform his duties at ISC, Alameda, however, and witnesses testified favorably to his good performance in that regard. As Appellant points out, his ship had a First Class Gunner's Mate, a Second Class Gunner's Mate, and two Third Class Gunner's Mates on board and there was no evidence of any adverse impact on his ship from his failure to return.

The appropriateness of Appellant's trial and conviction by court-martial is unquestioned, as is his sentence to confinement. I do question the appropriateness of a punitive discharge, given Appellant's ten-year record of exemplary service and the circumstances of the case. Pursuant to Article 66, UCMJ, this Court may affirm only such sentence as it determines on the basis of the entire record should be approved. In meeting that responsibility, I find that separation of this second class petty officer from the Coast Guard with a bad conduct discharge for these offenses is inappropriately severe. Our Court, in consonance with opinions of the Court of Appeals for the Armed Forces, has held a punitive discharge to be one of the severest forms of punishment, which may be commuted to a lesser form, such as confinement. *Frazier v. McGowan*, 48 M.J. 828, 831-832 (C.G.Ct.Crim.App. 1998). Appellant has already served his approved confinement. If the discharge were commuted to additional confinement, it too would

---

[1] These comments only explain why we go no further than addressing sentence appropriateness. We do not mean to suggest that our Chief Judge has based his separate opinion on anything but his understanding of sentence appropriateness.

be deemed to have been served since confinement that has not been deferred runs whether or not there is actual incarceration, and confinement resulting from commutation commences on the date sentence is adjudged, not the date of commutation. *United State v. Brown*, 13 USCMA 333, 32 CMR 333 (1962).  I would commute the discharge in this case to the lesser punishment of reduction in pay grade and a substantial fine.



For the Court,


Roy Shannon, Jr.
Clerk of the Court