UNITED STATES, Appellee,

v.

Staff Sergeant William T. LUNDY,
United States Army,
Appellant.

ARMY 20000069.

U.S. Army Court of Criminal Appeals.

10 March 2005.

For Appellant: Colonel Mark Cremin, JA; Major Allyson G. Lambert, JA; Captain Jeremy W. Robinson, JA (on brief); Colonel Mark Cremin, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Allyson G. Lambert, JA; Captain Jeremy W. Robinson, JA (on reply brief).

For Appellee: Colonel Steven T. Salata, JA; Major Natalie A. Kolb, JA; Captain Abraham Carpio, JA; Captain Flor M. Suarez (on brief); Lieutenant Colonel Theresa A. Gallagher, JA.

Before CHAPMAN, Senior Judge, HARVEY, Senior Judge, and STOCKEL, Appellate Military Judge.

OPINION OF THE COURT
ON REMAND

STOCKEL, Judge:*

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of forcible sodomy of a child under twelve years of age, forcible sodomy of a child under sixteen years of age, and indecent acts with a child under sixteen years of age (six specifications), in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 [hereinafter UCMJ]. Appellant was convicted, contrary to his pleas, of attempted carnal knowledge with a child over the age of twelve years and attempted indecent acts with a child under the age of sixteen years, in violation of Article 80, UCMJ, 10 U.S.C. § 880. The military judge sentenced appellant to a dishonorable

* Judge Stockel took final action in this case prior to her retirement.

discharge, confinement for twenty-three years, and reduction to Private E1. Pursuant to the pretrial agreement, the convening authority: (1) deferred the automatic forfeitures and reduction until taking initial action; (2) approved only so much of the sentence as provides for a dishonorable discharge and confinement for eighteen years at initial action; and (3) waived automatic forfeitures for six months at initial action and directed payment to appellant's spouse under Article 58b, UCMJ. The convening authority failed to suspend the automatic reduction in grade from E6 to E1, however, as required by the pretrial agreement.

In our initial Article 66, UCMJ, 10 U.S.C. § 866, review of appellant's case, this court affirmed the findings and the sentence. *United States v. Lundy*, 58 M.J. 802, 807 (Army Ct.Crim.App.2003). The United States Court of Appeals for the Armed Forces reversed our decision, holding that relief was warranted because the convening authority failed to "waive any and all automatic reductions," as set forth in the pretrial agreement, and remanded the case for further consideration in light of its opinion. *United States v. Lundy*, 60 M.J. 52, 61 (C.A.A.F.2004). Appellant's case was remanded so that we may determine: (1) whether specific performance is possible; and (2) whether there are "viable options for alternative relief under [*United States v. Perron*, 58 M.J. 78 (C.A.A.F.2003)]." *Lundy*, 60 M.J. at 60. Specifically, this court has "to determine whether implementation of a suspension at this point in time would still constitute specific performance, which would be binding on Appellant." *Id.* at 61. The record is again before us for review in accordance with Article 66, UCMJ.

We hold that specific performance is more appropriate because appellant has not indicated he would consent to any particular alternative relief. Specific performance is within the power of our court, except for interest on delayed payment of pay at the grade of E6. Accordingly, in our decretal paragraph we order specific performance to the extent of our authority, and remand appellant's case to the Secretary of the Army, who may provide approximately $3,000.00 in interest, thus completing specific performance.[1] Alternatively, should the Secretary of the Army decline to order payment of interest, he may return the case to us and we will set aside the findings and sentence, authorize a rehearing, and remand the case to The Judge Advocate General for further disposition.

## BACKGROUND

The convening authority approved a pretrial agreement which provided, in part, that appellant "offers to enter pleas ... provided the convening authority will ... suspend any and all adjudged and waive any and all automatic reductions and forfeitures, and pay them to [appellant's wife] to the full extent as allowed by law." The military judge discussed the parties' understanding regarding the clause "to the full extent allowed by law," and determined that the convening authority was required to suspend for six months after action the adjudged and automatic reduction in rank, effective the date of the convening authority's action. Although the convening authority ultimately disapproved the adjudged reduction in rank, he failed to suspend the automatic reduction in grade resulting under the provisions of Article 58a(a), UCMJ, 10 U.S.C. § 858a(a).

Appellant asserts that specific performance is impossible now because his personal circumstances have changed. Appellant asserts his family needed the additional money four years ago beginning on 26 May 2000, the date of initial action. Appellant is currently estranged from his wife, and they are preparing to file for a divorce. Appellant claims his wife has entered a relationship with another man, in part, because of the "need for additional support which had been denied

---

1. The convening authority previously waived all of the automatic forfeitures as permitted by Article 58b, UCMJ. Thus, as a result of our order to suspend the rank reduction from Staff Sergeant to Private E1, appellant's dependents are entitled to receive waived forfeitures at the pay grade of E6, less any amount previously received at the pay grade of E1. To complete specific performance, appellant should also receive interest calculated under the provisions of 5 U.S.C. § 5596(b)(2), or approximately $3,000.00. *See Lundy*, 58 M.J. at 805 n. 9.

[his family] by the actions taken in regard to [his] pay."[2]

## DISCUSSION

### Authority to Suspend the Automatic Reduction in Rank

Two distinct types of reductions in pay grade resulting from a court-martial are applicable to enlisted personnel: (1) an adjudged reduction under Rule for Courts-Martial [hereinafter R.C.M.] 1003(b)(4) included in the sentence adjudged by a court-martial; and (2) under Article 58a, UCMJ,[3] an automatic or mandatory reduction to pay grade E1, the lowest enlisted pay grade. The first is not pertinent to our decision because the convening authority did not approve the adjudged pay grade reduction.

An automatic reduction, however, is not part of the adjudged sentence and, under Article 58a, UCMJ, an automatic reduction is subject to regulations promulgated by the separate military departments.[4] Under Army Regulation 600–8–19, Personnel–General: Enlisted Promotions and Reductions, para. 7–1d (1 May 2000) [hereinafter AR 600–8–19], an automatic reduction in pay grade occurs if any of the three punishments described in Article 58a(a), UCMJ, are included, unsuspended, in the sentence approved by the convening authority. The same paragraph of AR 600–8–19 also provides that the convening authority may only suspend an automatic reduction if the convening authority also suspends appellant's sentence to confinement and his punitive dis-

charge.[5] On 16 December 2004, appellate government counsel requested that the Secretary of the Army grant an exception to the above AR 600–8–19 requirement and authorize the convening authority to suspend only appellant's automatic rank reduction. On 3 January 2005, the Secretary of the Army's designee authorized the convening authority to suspend appellant's automatic rank reduction without necessitating suspension of appellant's sentence to confinement and his punitive discharge.

Congress gave our court broad powers to ensure the sentence is appropriate and we "may affirm only . . . such part or amount of the sentence, as [our court] finds correct in law and fact and determines, on the basis of the entire record, should be affirmed." UCMJ art. 66(c). A court of criminal appeals "has generally the same powers with respect to modification of a sentence as does the convening authority . . . but it does not have authority to suspend a sentence or any part thereof." R.C.M. 1203(b) discussion. This provision is based upon the decision in *United States v. Simmons*, 2 U.S.C.M.A. 105, 6 C.M.R. 105, 1952 WL 2285 (1952). *See United States v. Prow*, 13 U.S.C.M.A. 63, 32 C.M.R. 63, 1962 WL 4451 (1962); *United States v. Russo*, 11 U.S.C.M.A. 352, 29 C.M.R. 168, 1960 WL 4477 (1960); *United States v. Estill*, 9 U.S.C.M.A. 458, 26 C.M.R. 238, 1958 WL 3351 (1958).

Applying our plenary authority to review matters of law, we will enforce that which the convening authority was legally bound to do.

---

2. There is no statement from appellant's spouse supporting this assertion. Accordingly, this aspect of the impact of the failure to suspend the reduction in grade is speculative at best. Appellant complains that the money will go to his estranged wife. Appellant has two daughters, HL and KL. HL is a minor. KL, who will be eighteen years of age on 13 May 2005, will continue to be appellant's dependent for purposes of Article 58a, UCMJ, because she plans to attend college. *See* Department of Defense Financial Management Regulation, Vol. 7A, Definitions (Feb.2001).

3. Article 58a, UCMJ provides:

Unless otherwise provided in regulations to be prescribed by the Secretary concerned, a court-martial sentence of an enlisted member

in a pay grade above E–1, as approved by the convening authority, that includes—
(1) a dishonorable or bad-conduct discharge;
(2) confinement; or
(3) hard labor without confinement;
reduces that member to pay grade E–1, effective on the date of that approval.
UCMJ art. 58a(a).

4. Our previous decision describes the historical application of mandatory reductions in grade under Article 58a, UCMJ. *See Lundy*, 58 M.J. at 804 n. 6.

5. Convening authorities in the Air Force and Navy have received broader regulatory authority to suspend the application of automatic reductions in their respective services than their Army counterparts. *See id.* at 805 n. 8.

*See United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69, 1972 WL 14393 (1972). As our superior court observed in *Cox*, "[w]e see no evil to avoid in this procedure since it in no way lodges the general powers to suspend in [the Court of Criminal Appeals]." *Id.* at 72. In the instant case, our superior court has decided that the convening authority's sentence action is erroneous as a matter of law because it did not provide for suspension of the automatic rank reduction required by the pretrial agreement. *Lundy*, 60 M.J. at 60. Although we could return the record to the convening authority for a new initial action, the convening authority would still be bound by our mandate. In the interest of economy, we can correct such defects. *See Cox*, 22 U.S.C.M.A. at 71–72, 46 C.M.R. at 71–72. Thus, we may order suspension of appellant's rank reduction from the grade of E6 to the grade of E1, as the designee of the Secretary of the Army authorized.

 "Imposing alternative relief on an unwilling appellant to rectify a mutual misunderstanding of a material term in a pretrial agreement violates the appellant's Fifth Amendment right to due process." *Perron*, 58 M.J. at 86. In so holding, our superior court explained, "if the parties cannot agree on alternative relief, *and specific performance is not available,* the result is to nullify the original pretrial agreement, returning the parties to the status quo ante." *Id.* (emphasis added). In appellant's case, specific performance is available. Although appellant argues that specific performance at this late date is, in actuality, a form of alternative relief because the timing of payments is a material provision of his pretrial agreement, he has failed to demonstrate such materiality. We recognize that rank in the military involves more than money. Rank affects a soldier's relative status with respect to his or her fellow members of the armed forces. But rank reductions also involve "highly individualized judgments about military status" as well as the person's "past record and future potential." *United States v. Josey*, 58 M.J. 105, 108 (C.A.A.F.2003).

Appellant's horrendous offenses, however, reflect very poorly on his past record and future potential. His current associates are inmates. Accordingly, we find that the only material element of his rank is his pay and allowances. "[W]here timing is not critical to specific performance, that is, payment plus interest satisfies the agreement, there is no reason to permit withdrawal of the plea." *Lundy*, 60 M.J. at 61 (Crawford, C.J., concurring).

In appellant's case, we are unable to order interest. It is well-settled that "interest cannot be recovered unless the award of interest was affirmatively and separately contemplated by Congress." *Library of Congress v. Shaw*, 478 U.S. 310, 315, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *see United States v. Thayer–West Point Hotel Co.*, 329 U.S. 585, 588, 107 Ct.Cl. 714, 67 S.Ct. 398, 91 L.Ed. 521 (1947); *see Ulmet v. United States*, 19 Cl.Ct. 527, 532 (Ct.Cl.1990). The Secretary of the Army, however, "may provide for any emergency or extraordinary expense which cannot be anticipated or classified." 10 U.S.C. § 127. "The Secretary may make expenditures that the Secretary determines to be proper, and the Secretary's determination of propriety is final and conclusive on the General Accounting Office." *Lundy*, 58 M.J at 806 (citing *Matter of: Certification of Defense Intelligence Agency Emergency and Extraordinary Expense Vouchers*, 72 Comp. Gen. 279 (1993)). We recommend, therefore, that the Secretary of Army exercise his authority under the provisions of 10 U.S.C. § 127 and direct payment of accrued interest to appellant's dependents. Together with the payment of six months of waived forfeitures at the pay grade of E6, less any amount previously received at the pay grade of E1, payment of interest would complete specific performance.

## DECISION

The findings of guilty and the sentence are affirmed. In accordance with the terms of appellant's pretrial agreement, the execution of that part of the sentence extending to reduction to the grade of Private E1, as required by Article 58a(a), UCMJ, is suspended for six months, effective 26 May 2000, at which time the suspended portion of the sentence is remitted without further action. Appellant will continue thereafter to serve in

the grade of E6. Appellant's dependents will receive appellant's forfeited pay and allowances at the grade of E6 for the period from 30 May 2000 until 25 November 2000. The amount will be paid to appellant's lawful dependents.[6] Appellant's case is remanded to the Secretary of the Army for a determination as to whether interest will be paid.[7] Should the Secretary of the Army direct payment of interest, the case should be returned to The Judge Advocate General for transmittal to the United States Court of Appeals for the Armed Forces. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a), 10 U.S.C. §§ 858b(c) and 875(a).

Senior Judge CHAPMAN and Senior Judge HARVEY concur.

---

6. Any payments restored by our decision are required by law to be directed to appellant's dependents. *See* UCMJ art. 58b(b). *See generally United States v. LaJaunie,* 60 M.J. 280, 282–83 (C.A.A.F.2004) (Crawford, C.J., dissenting).

7. Should the Secretary of the Army decide not to exercise his discretion under 10 U.S.C. § 127 in this case, the case will be returned to this court. Because "viable options" for alternative relief under *Perron* are absent, we will be forced by *Perron* to set aside appellant's findings and sentence and authorize a rehearing. *See Perron,* 58 M.J. at 86.