Private First Class Deryl L. McCRAY,
534–76–1626, United States Army,
Petitioner,

v.

Captain Peter GRANDE, Commander,
Corrections Company (Regional Confinement Facility), Fort Knox, Kentucky; Major General Larry R. Jordan,
Commander, U.S. Army Armor Center
and Fort Knox, Fort Knox, Kentucky;
and the United States of America, Respondents.

**ACMR MISC 9301889.
9301073.**

U.S. Army Court of Military Review.

19 Nov. 1993.

For Petitioner: Major Fran W. Walterhouse, JAGC, Captain Teresa L. Norris, JAGC, Captain Eric J. Derbes, JAGC (on brief).

For Respondents: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major James P. Calve, JAGC, Captain John P. Saunders, JAGC (on brief).

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

CREAN, Senior Judge:

Private McCray was tried by a special court-martial composed of officer members at Fort Bragg, North Carolina. Contrary to his pleas, he was found guilty of violating an order and indecent exposure, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1988) [hereinafter UCMJ]. On 4 June 1993, the court-martial adjudged a sentence to a bad-conduct discharge.

In his 26 August 1993 recommendation to the convening authority, the staff judge advocate recommended that the discharge be approved. Rule for Court–Martial 1106 [hereinafter R.C.M.]. In responding to this recommendation on 31 August 1993, the trial defense counsel requested that the convening authority grant Private McCray clemency by suspending the bad-conduct discharge for six months. Thereafter, the Chief of Military Justice for the 82d Airborne Division asked the trial defense counsel if changing the bad-conduct discharge to four months of confinement would be acceptable clemency. The trial defense counsel indicated that it would be acceptable. The acting staff judge advocate reevaluated the case and agreed that some clemency was appropriate. She, therefore, recommended to the convening authority that the bad-conduct discharge be mitigated to confinement for four months. The convening authority approved this recommendation and commuted the bad-conduct discharge to confinement for four months on 6 October 1993.

The same day, Private McCray was taken to the brig at Camp Lejeune, North Carolina, the confinement facility for sol-

**658**

diers from Fort Bragg who are sentenced to less than six months of confinement. The brig officials took the position that the effective date of Private McCray's sentence to confinement was 4 June 1993, the date the sentence was adjudged, and not 6 October 1993, the date the convening authority changed the bad-conduct discharge to four months confinement. They, therefore, released Private McCray from confinement on 7 October 1993. On 15 October 1993, Private McCray was taken to the Regional Confinement Facility at Fort Knox, Kentucky. There, the confinement officials took the position that the sentence to confinement started to run on 6 October 1993, and therefore kept Private McCray in confinement. On 12 November 1993, Private McCray petitioned this court for extraordinary relief in a Writ of Habeas Corpus to release him from illegal confinement. This court ordered the government to respond and show cause why the relief should not be granted. The government chose not to contest the petition. On 12 November 1993, we granted the extraordinary relief and ordered Private McCray released from confinement.

■ The sentence as approved by the convening authority does not require review of Private McCray's court-martial by this court. Article 66(b), UCMJ. However, this court has jurisdiction under the All Writs Act to consider extraordinary relief petitions in the form of a Writ of Habeas Corpus in this type of case. *See Dettinger v. United States,* 7 M.J. 216, 218 (C.M.A. 1979); *Whitfield v. United States,* 4 M.J. 289 (C.M.A.1978); *McPhail v. United States,* 1 M.J. 457 (C.M.A.1976). Writs of Habeas Corpus have been granted by other courts in the military justice system. *Moore v. Akins,* 30 M.J. 249 (C.M.A.1990); *Gragg v. United States,* 10 M.J. 286 (C.M.A.1981) (summary disposition); *Frage v. Edington,* 26 M.J. 927 (N.M.C.M.R.1988);

*Collazo v. Welling,* 34 M.J. 793 (C.G.C.M.R.1992).

■ The issue is very simple: when did Private McCray's sentence to confinement begin to run. Was it on 6 October 1993, when the convening authority commuted the bad-conduct discharge to confinement, or on 4 June 1993, when the court-martial adjudged his sentence? [1] If the sentence to confinement began to run on 4 June 1993, then the sentence was completed by 6 October 1993, and Private McCray was illegally confined on 15 October 1993.

Article 57(b), UCMJ, and R.C.M. 1113(d)(2)(A) provide that sentences to confinement begin to run from the date the sentence is adjudged by the court-martial. The United States Court of Military Appeals, in interpreting the same language in Article 57(b) of the 1950 Uniform Code of Military Justice, determined that when a convening authority commutes a sentence from a discharge to a sentence of confinement, the period of confinement begins to run on the date the sentence is adjudged and not when the convening authority commutes the sentence. *United States v. Brown,* 13 U.S.C.M.A. 333, 335, 32 C.M.R. 333 (1962). In fact, the Army's confinement regulation states that: "The date the sentence of a court-martial is adjudged will mark the beginning of the sentence to confinement whether or not the accused had been placed in confinement." Dep't of Army Regulation 633–30, Apprehension and Confinement, para. 4a (6 November 1964).[2] Accordingly, Private McCray's sentence to confinement started to run on 4 June 1993, and was completed prior to the convening authority's action on 6 October 1993. The brig officials at Camp Lejeune were correct in refusing to confine Private McCray. The confinement officer at Fort Knox was incorrect in confining Private McCray.[3]

---

**1.** We need not decide whether the convening authority acted properly in mitigating the bad-conduct discharge to four months confinement. *See Waller v. Swift,* 30 M.J. 139 (C.M.A.1990).

**2.** These precedents, in a practical sense, may restrict a convening authority from commuting a sentence of a discharge to one of confinement.

However, this court must render its decisions on what the law is and not what it should be.

**3.** We commend the trial defense counsel for working through his trial defense service chain of command for the release of Private McCray from confinement. However, this was a slow process and Private McCray was in illegal con-

The Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus is granted.

Judge MORGAN and Judge GONZALES concur.

finement for 29 days until this court was petitioned to grant his release. The possibility that Private McCray's confinement may be illegal was known as early as 6 October 1993, when the Camp Lejeune brig highlighted the issue. The trial defense service could have acted faster to obtain relief for this soldier. This court also finds it incongruous that the legal personnel at Fort Knox and the 82d Airborne Division would permit the confinement of Private McCray at Fort Knox when the issue had been raised by the Camp Lejeune brig and the law is clear that Private McCray should not be further confined.