OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF HABEAS CORPUS
GRAVELLE, Senior Judge:
This petition involves the lawfulness of the petitioner’s pretrial confinement at Fort Lewis, Washington, and the propriety of another judicial official overruling the decision of the military magistrate to release the petitioner from confinement.
On 8 December 1995, counsel for Specialist Shaman D. Keaton filed with this court a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus. That same day, this court ordered that the government show cause why the requested relief should not be granted and to file a response not later than 14 December. This court heard oral argument on the issue on 15 December.
On 18 December 1995, we determined that the decision of the magistrate to release the petitioner was not reviewable and that reconfinement could only be ordered upon discovery of new evidence warranting such confinement. Therefore, we granted the appellant’s petition and ordered the immediate release of the petitioner from pretrial confinement in an order, which is attached to this opinion as an appendix.
Facts.
Specialist Keaton was ordered into pretrial confinement at the Fort Lewis Regional Confinement Facility (RCF) by his battalion commander on 12 September 1995. Pursuant to R.C.M. 305,1 a military magistrate conducted a pretrial confinement hearing on *75614 September 1995. After considering both documentary evidence and the testimony of four noncommissioned officers, the magistrate on that date ordered the release of the petitioner from pretrial confinement. She found it unlikely that the petitioner would not be present for his trial or that he would engage in serious misconduct, and determined that lesser forms of pretrial restraint would be adequate. The petitioner was promptly released on 14 September.
On 15 September 1995, pursuant to Army Regulation 27-10,2 the government requested the supervisory military judge, Judge Hough, to set aside the magistrate’s release order. On that same day, without a hearing or notice to petitioner or his counsel, Judge Hough, acting under authority of the same regulation, determined that the military magistrate’s decision to release was “clearly erroneous,” and set aside that decision. The petitioner reentered the Fort Lewis RCF on 15 September and remained in pretrial confinement until this court ordered his release on 18 December.
To memorialize his decision, Judge Hough prepared a short memorandum stating he had considered the magistrate’s written report, considered the same statements as had been considered by the military magistrate, and considered the written government memorandum requesting his review of the magistrate’s decision.
Subsequent to Judge Hough’s decision reversing the military magistrate, a pretrial hearing pursuant to Article 32, Uniform Code of Military Justice [hereinafter UCMJ], was conducted and the charges were referred to trial. On 21 November, at an initial hearing conducted under provisions of Article 39(a), UCMJ, 10 U.S.C. § 839(a), counsel for appellant requested Judge Hough to review the need for the petitioner’s continued confinement. Judge Hough recused himself, and was replaced by Judge Hargus. The motion was heard at an Article 39(a), UCMJ, session on 22 November 1995.
At the hearing on 22 November, Judge Hargus conducted a de novo review of the entire confinement procedure pursuant to R.C.M. 305(j). At that hearing, counsel for the petitioner and for the government stipulated that no new evidence had been presented to Judge Hough; and, that there was probable cause to believe that offenses had been committed and that the petitioner had committed them. The sole issue was the continued need to confine the petitioner.
Judge Hargus reviewed the pretrial confinement packet that had been considered by the military magistrate and by Judge Hough. He also heard the testimony of the petitioner and two witnesses presented by the petitioner at the Article 39(a) session. The magistrate and Judge Hough had considered sworn written statements from these same two witnesses.
Thereafter, Judge Hargus concluded that: First — Lieutenant Colonel Hough’s determination as the supervising military judge that the magistrate’s findings as to the necessity of continued pretrial confinement or restraint, and the adequacy of lesser forms of restraint was clearly erroneous was not an abuse of discretion;
Second — The information not presented to the reviewing officer does not establish that Specialist Keaton should be released; Third — The provisions of R.C.M. 305(i)(2) and (3) were complied with in this case; Fourth — Procedures of paragraph 9-5, AR 27-10, which permit review of a magistrate’s decision by a reviewing military judge are not violative of due process, either constitutional or military. Now, the court notes in this case that the review was of a written record for an abuse of discretion. The memoranda which requested the review did not raise or convey new matters which the defense had not been previously noticed. And under the facts of this case, it was a record review for abuse of discretion, alone, that was conducted;
Fifth — Even if there were an abuse of discretion on the part of Colonel Hough in his review, or that there was a failure to comply with R.C.M. 305(i), the information that has been presented at this hearing establishes sufficient grounds for continued confinement that exists.
*757Nowhere in the 98-page transcript of that Article 39(a) session is R.C.M. 305(l) mentioned, nor does Judge Hargus mention this rule in his findings.
In his petition for extraordinary relief, counsel for the petitioner argues, inter alia, that the provisions of AR 27-10 conflict with R.C.M. 305«).3
Law.
This court has jurisdiction to entertain this petition for extraordinary relief. Dettinger v. United States, 7 M.J. 216 (C.M.A.1979); United States v. Draughon, 42 C.M.R. 447 (A.C.M.R.1970). More particularly, this court has jurisdiction to consider the propriety of the petitioner’s pretrial confinement. See, e.g., Porter v. Richardson, 50 C.M.R. 910 (C.M.A.1975) (pretrial confinement); McCray v. Grande, 38 M.J. 657 (A.C.M.R.1993) (post-trial confinement).
Within the U.S. Army, the Secretary of the Army has established a Military Magistrate Program pursuant to authority of R.C.M. 305(i)(2). See AR 27-10, Chapter 9. The Military Magistrate Program is an Army-wide program by which certain judge advocates are selected and appointed by The Judge Advocate General or his designee and empowered to direct the release of soldiers from pretrial confinement. AR 27-10, para. 9-1(c)-(e). That regulation provides a method of review by a supervising military judge of the military magistrate’s decision to release a prisoner. Paragraphs 9-5b(1)(a) and (b) provide in pertinent part that:
(a) ... Upon request of the government, the supervising military judge (or a military judge designated by the supervising military judge) may review the magistrate’s decision to disapprove pretrial confinement. This review is intended to be used only in extraordinary circumstances, and will not be used when the military magistrate is also a military judge.
(b) The reviewing military judge may set aside the magistrate’s decision to disapprove pretrial confinement only if the decision is determined to be an abuse of discretion. To find an abuse of discretion requires a finding that the military magistrate’s decision was arbitrary, fanciful, clearly unreasonable, or clearly erroneous. The reviewing military judge may conduct a review by any reasonable means, to include telecommunications. The reviewing military judge may require the magistrate to submit a written record of decision which includes the factual findings upon which the magistrate’s decision to release the accused is based. A de novo hearing conducted in the presence of the accused is not required. If the magistrate’s release decision is set aside, the reviewing military judge will make a record of the decision with supporting findings.
In overruling the magistrate, Judge Hough acted pursuant to authority of this provision.4
Rule for Courts-Martial 305(l) provides in pertinent part that:
No person whose release from pretrial confinement has been directed by [a military magistrate] may be confined again before completion of trial except upon the discovery, after the order of release, of evidence or of misconduct which, either alone or in conjunction with all other available evidence, justifies confinement (emphasis added).
This particular subsection of the rule “is intended to prevent a ‘revolving door’ situation by giving finality to the decision to release. Cf. United States v. Malia, 6 M.J. 65 (C.M.A.1978).” MCM, app. 21, R.C.M. 305(l) analysis, at A21-20.
If a regulation promulgated by one of the Armed Forces conflicts with a Manual provision, the regulation must yield. See generally United States v. Voorhees, 4 U.S.C.M.A 509,16 C.M.R. 83 (1954).
*758Analysis.
It is important to note at the outset that we are not relitigating the decision of the military magistrate to release the petitioner. The military magistrate, appointed by The Judge Advocate General and acting under authority of Chapter 9, AR 27-10, made a reasoned decision to release the petitioner. We will not, and cannot in light of R.C.M. 305(£), second guess that decision. What is at issue in this extraordinary writ is the lawfulness of the reconfinement of the petitioner subsequent to the military magistrate’s decision to release him. That lawfulness necessarily depends on the ability of a military judge to permit reconfinement once the magistrate has ordered the release of the petitioner.
The President has determined that once a person in pretrial confinement is released by a judicial official, that official’s decision will not be second-guessed and the prisoner will not be reconfined absent new information. Rule for Courts-Martial 305(i) contemplates no review of a magistrate’s decision to release a pretrial prisoner. To the extent that paragraphs 9-5b(1)(a) and (b), AR 27-10, purport to authorize reconfinement in the absence of new evidence or misconduct, we find that they are inconsistent with, and must yield to, R.C.M. 305(i). It is undisputed by the parties that Judge Hough considered no new information. Therefore, we hold that his determination was not authorized by R.C.M. 305(Z), and thus he had no authority to set aside the magistrate’s decision to release the petitioner.
We must also determine the effect of Judge Hargus’ ruling on the petitioner’s confinement. In doing so, we are bound by the record. We find it significant that Judge Hargus did not cite the provisions of R.C.M. 305(i) in his ruling. Therefore, it is clear from a reading of his findings that R.C.M. 305(l) played little, if any, part in his decision. Accordingly, we find that Judge Hargus’ ruling was not based upon “the discovery, after the order of release, of evidence of misconduct which, either alone or in conjunction with all other available evidence, justifies confinement.” R.C.M. 305(l). Therefore, Judge Hargus was also precluded from authorizing the petitioner’s reconfinement.
In the end analysis, the government has failed to show cause why we should not grant the requested relief. Accordingly, the petition for extraordinary relief in the nature of habeas corpus was granted and we ordered the immediate release of the petitioner on 18 December. This action was without limitation on the commander’s power to impose lesser forms of restraint or to order reconfinement in conformity with R.C.M. 305(i).
Judge JOHNSTON and Judge ECKER concur.
APPENDIX
UNITED STATES ARMY COURT OF CRIMINAL APPEALS
Before
GRAVELLE, JOHNSTON, and ECKER
Appellate Military Judges
Specialist SHAMAN D. KEATON, 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
United States Army, Petitioner v. Lieutenant General Marsh, Commander, I Corps & Fort Lewis;
LTC Andraschko, Commander, Fort Lewis Regional Confinement Facility; and, the UNITED STATES OF AMERICA Respondents
ARMY MISC 9502052
ORDER
On December 7, 1995, the petitioner, Specialist Shaman D. Keaton, Headquarters and Headquarters Company, 5th Battalion, 20th Infantry, filed with this Court a PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF HABEAS CORPUS requesting an order directing the respondents to immediately release the petitioner from unlawful pretrial confinement. The Court, having received briefs and held oral argument concerning the writ, has reviewed the issues as follows:
WHEREAS the petitioner, Specialist (SPC) Shaman D. Keaton, Headquarters and Headquarters Company, 5th Battalion, 20th *759Infantry, was ordered into pretrial confinement at Fort Lewis, Washington, on September 12, 1995 by Lieutenant Colonel David R. Brooks, his Battalion Commander; and,
WHEREAS on September 14, 1995 a Military Magistrate, Captain Vanessa A. Crock-ford, a neutral and detached officer appointed in accordance with regulations prescribed by the Secretary of the Army pursuant to Rule for Courts-Martial 305(g) [hereinafter R.C.M.], conducted a review of probable cause and the necessity for continued pretrial confinement of the petitioner; and,
WHEREAS the Military Magistrate determined that:
[Continued pretrial confinement is not warranted because it is unforeseeable that:
a. SPC Keaton will not appear at trial or other pretrial proceedings,
b. SPC Keaton will engage in serious misconduct, or [sic]
c. Lesser forms of restraint will be inadequate[,]
and ordered the petitioner released from pretrial confinement on September 14, 1995; and,
WHEREAS on September 14, 1995, the petitioner was released from pretrial confinement; and,
WHEREAS on September 15, 1995, the Trial Counsel, Captain Daniel J. Cowhig, acting pursuant to paragraph 9-5b, Army Regulation 27-10 [hereinafter para. 9-5, AR 27-10], requested on behalf of the United States that the Supervising Military Judge, Lieutenant Colonel Richard J. Hough, set aside the decision of the Military Magistrate ordering the release of petitioner from pretrial confinement; and,
WHEREAS the Supervising Military Judge considered no additional evidence or misconduct; and,
WHEREAS the petitioner was returned to pretrial confinement on September 15, 1995, when the Supervising Military Judge, acting pursuant to para. 9-5, AR 27-10, determined that the Military Magistrate’s findings as to continued pretrial restraint and as to the availability of lesser forms of restraint “are under the circumstances clearly erroneous and are therefore set aside”; and,
WHEREAS on November 22, 1995 at a court session held under the provisions of Article 39(a), Uniform Code of Military Justice [hereinafter U.C.M.J.], the petitioner requested in a motion for appropriate relief that the Military Judge, Colonel Patrick K. Hargus, review the conditions of continued pretrial confinement as authorized by R.C.M. 305(j); and,
WHEREAS the Military Judge denied the motion for appropriate relief; and,
WHEREAS the President, acting pursuant to his authority under Article 36, UCMJ, 10 U.S.C. § 836, prescribed rules of procedure for the review of pretrial confinement in R.C.M. 305(i); and,
WHEREAS R.C.M. 305(g) provides that an officer appointed to conduct the review under R.C.M. 305(i) may direct release; and,
WHEREAS R.C.M. 305(Z) states “No person whose release from pretrial confinement has been directed by a person authorized in subsection (g) of this rule may be confined again before completion of trial, except upon the discovery, after the order of release, of evidence of misconduct which, either alone or in conjunction with all other available evidence justifies confinement”; and,
WHEREAS the Analysis of R.C.M. 305(i) states in pertinent part that the subsection “is intended to prevent a ‘revolving door’ situation by giving finality to the decision to release”; and,
WHEREAS the respondents have failed to demonstrate on the record that evidence or misconduct had been discovered after the order of release on September 14, 1995, that justified confinement of the petitioner pursuant to the review by the Supervising Military Judge on September 15, 1995, or by the Military Judge on November 22, 1995; and,
WHEREAS the Respondent has failed to show cause as to why the extraordinary relief sought by petitioner should not be granted;
NOW THEREFORE, IT IS ORDERED:1
*760a. That petitioner be released from pretrial confinement forthwith;
b. That the commander concerned may consider lesser forms of restraint; and,
c. That the commander concerned may not order the petitioner into pretrial confinement except upon the discovery, after the date of release of September 14, 1995, of evidence justifying confinement in accordance with R.C.M. 305(Z).
Date: 18 December 1995
FOR THE COURT:
/s/ William S. Fulton, Jr. WILLIAM S. FULTON, JR. Clerk of Court

. Manual for Courts-Martial, United States (1995 Edition) [hereinafter MCM], Rule for Courts-Martial 305 [hereinafter R.C.M.].

. Army Reg. 27-10, Legal Services: Military Justice (8 Aug. 1994) [hereinafter AR 27-10].

. The petitioner also contends that the ex parte nature of the supervisory military judge's review violates his due process rights under the Fifth Amendment. Because of our disposition of the first issue, however, we need not address this issue in this opinion.

. This particular provision of Army Regulation 27-10 is new in the 1994 version of the regulation. No similar provision appears in the 1989 version of the regulation.

. An opinion will be issued in due course.