**UNITED STATES**

v.

**Master Sergeant Charlie B. CARTER Jr., FR254–78–3575 United States Air Force.**

**ACM 30962.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 20 Aug. 1993.

Decided 31 July 1995.

---

**6.** 10 U.S.C. § 866(c) (1994).

**8.** 10 U.S.C. § 892 (1988).

**9.** 10 U.S.C. § 907 (1988).

**10.** 10 U.S.C. § 934 (1988).

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Major Ronald A. Gregory, and Captain Robert E. Watson.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Jane L. Harless.

Before DIXON, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

SCHREIER, Judge:

Pursuant to mixed pleas, a military judge convicted appellant of using cocaine on divers occasions, possessing drug paraphernalia, and dishonorably failing to pay a just debt. Articles 112a, 92, and 134, UCMJ, 10 U.S.C. §§ 912a, 892, and 934 (1988). The adjudged sentence was a bad-conduct discharge (BCD), confinement for 12 months, forfeiture of $400 pay for 12 months, and reduction to E–1. The convening authority commuted the BCD to an additional 24 months confinement and forfeitures of $400 pay per month for 35 months, and approved the reduction and forfeiture for one month. Appellant alleges the commuted sentence exceeds lawful punishment limits and the convening authority's action is premature because the staff judge advocate did not sign the addendum. Finding no prejudicial error, we affirm.

## FACTS

Appellant was a master sergeant with 24 years on active duty at the time of trial. He married for the first time in 1990 and left a few days later for an unaccompanied assignment to Korea. Upon his return, he discovered that his wife was a cocaine addict. Unfortunately, rather than helping her get off the drugs, he also became a cocaine user. A downward spiral began, characterized by declining job performance, borrowing money from subordinates, and financial problems. When appellant was finally confronted by investigators, he confessed and was subsequently tried by court-martial. During the sentencing portion of his court-martial, appellant introduced a financial analysis which estimated a master sergeant's total military retirement compensation as approximately $750,000. Trial defense counsel argued that a punitive discharge was not a fair sentence as it resulted in a $750,000 penalty. Howev-

er, the military judge disagreed and adjudged a BCD in addition to 12 months confinement. In clemency, both appellant and trial defense counsel asked that the BCD be commuted to an additional, unspecified period of confinement. The convening authority commuted the BCD to 24 months additional confinement and 35 months additional forfeitures. Appellant's claim of error followed.

## WHAT IS A PUNITIVE DISCHARGE WORTH?

■ Appellant argues that the substituted punishment is illegal because the convening authority is limited to substituting 12 months confinement for a BCD. He further argues that the substituted forfeitures exceed the severity of the adjudged sentence.

■ It is indisputable that a convening authority may commute a punitive discharge to a lesser form of punishment such as confinement and/or forfeitures. Article 60(c)(2), UCMJ, and R.C.M. 1107(d)(1). However, the period of substituted confinement may not exceed that authorized for the court-martial or as limited by a pre-trial agreement (PTA). *United States v. Hodges*, 22 M.J. 260, 263 (C.M.A.1986) (disapproved commuting a BCD to 12 months confinement when the additional confinement exceeded the limits of the PTA).

There is no preexisting formula for determining an appropriate substitution. In fact, appellate courts have discouraged a fixed table of substitution of punishments, recommending an individual evaluation of each case. *Hodges*, 22 M.J. at 262; *United States v. Darusin*, 20 U.S.C.M.A. 354, 356, 43 C.M.R. 194, 196, 1971 WL 12757 (1971). Thus, a reviewing court disapproved the substitution of 12 months confinement for a punitive discharge in *Waller v. Swift*, where at trial the appellant specifically requested no confinement because of family concerns and the members did not assess confinement, but approved a similar substitution in *Carrier*. *Waller v. Swift*, 30 M.J. 139, 145 (C.M.A. 1990); *United States v. Carrier*, 50 C.M.R. 135, 138, 1975 WL 15558 (A.F.C.M.R.1975). *Compare United States v. Owens*, 36 C.M.R. 909, 912, 1966 WL 4581 (A.F.B.R.1966) (substitution of eight months confinement, eight

months forfeitures, and reduction to airman basic approved).

■ We find no authority limiting the convening authority's commutation powers to substitution of no more than 12 months confinement for a punitive discharge. Likewise, we find no authority limiting substitution of forfeitures to the period of substituted confinement or previously approved forfeitures. In any event, as appellant's term of service expired before trial and he was retained on active duty via an administrative hold, no pay accrues and forfeitures cannot be collected. *See* Department of Defense (DOD) Financial Management Regulation, DOD 7000.14–R, Volume 7A, Section 70507d and 70508b, December 1994. Therefore, the approval of forfeitures is a nullity.

Appellant's case is not like other reported cases. Not only did appellant lose the stigma of a bad-conduct discharge, but, as a result of the convening authority's action, he is also now eligible to collect his military retirement. This is a significant financial benefit for both appellant and his family. Moreover, appellant and his counsel specifically requested additional confinement in lieu of approving the BCD without specifying a limit. Appellant's clemency letter stated: "Sir, if it means serving more confinement time in order that I may retain my retirement, then so be it. I will serve more confinement in exchange for the opportunity to retire from the Air Force." Additionally, no pretrial agreement limited the term of confinement or forfeitures. Thus, appellant can not claim he was misled regarding the approved sentence. Bearing these factors in mind, we believe that the substitution of 24 months confinement and 35 months forfeitures is a lesser punishment than a punitive discharge in this case.

We will not speculate as to the upper limits of a substitution of confinement for a BCD. Rather, we will continue the practice of engaging in a case-by-case analysis. We believe that our inherent authority to review all records of trial and to determine an appropriate sentence establishes the upper limits of the convening authority's commutation

powers. Article 66(c), UCMJ; *see United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

We have considered the remaining assignments of error and resolve them against appellant. We conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to appellant's substantial rights occurred. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judge PEARSON concurs.

DIXON, Chief Judge (dissenting in part):

I believe the convening authority exceeded his authority in substituting two additional years of confinement and additional forfeitures of $400 per month for 35 months for the bad conduct discharge. Supporting my conclusion is the absence of any reported cases permitting a commutation of a bad conduct discharge to a period of confinement greater than one year. R.C.M. 1107(d)(1) states the convening authority may for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature *as long as the severity of the punishment is not increased.* Regardless of whether this appellant, in the long run, may be better off financially as a result of the convening authority's action, I must conclude that the convening authority increased the severity of his adjudged sentence by tripling the term of confinement from one to three years and by increasing total forfeitures from $400 to $14,000. *Waller v. Swift*, 30 M.J. 139, 143 (C.M.A.1990).

The sentence was adjudged in this case by a military judge. The military judge obviously concluded that a punitive discharge was appropriate given the nature of the offenses for which appellant was convicted. The military judge also adjudged forfeitures and sentenced appellant to a term of confinement. There is no reason to conclude the military judge assessed any less forfeitures or confinement than he believed appropriate in this case because his sentence included a punitive discharge.

In taking action on the sentence, the convening authority had to determine if the sentence as adjudged was appropriate. If he determined the adjudged sentence was not appropriate, he could change the nature of the punishment only if it did not make the punishment more severe. To ensure continued public confidence in our system of justice, there should be no doubt about the relative severity of the punishments whenever the nature of the punishment is changed by a convening authority. Whether or not an appellant would be more willing to accept some other punishment is not determinative of whether the substituted punishment is, in law and in fact, less severe.

Since the appellant was retirement eligible, the consequences of a punitive discharge were certainly severe. Nevertheless, it is by no means clear that a year's confinement is always less severe than a punitive discharge. Many accused have authorized their counsel, with permission of the court, to argue for punitive discharges in lieu of any confinement. The majority notes that the appellant indicated he was willing to serve additional confinement if that would persuade the convening authority not to approve the punitive discharge. However, there is nothing to suggest he would have offered to serve as much as two additional years of confinement, or that he contemplated the commander had authority to extend the confinement for such a lengthy period, or that he at any time acquiesced in the convening authority's decision.

The majority concludes the additional two years of confinement and the additional forfeitures are less severe than a punitive discharge because the action by the convening authority leaves the appellant "eligible to collect his military retirement." I will not engage in such speculation. This sentence will prove to be less severe only if appellant actually retires at the end of his confinement and he draws enough retirement pay to recoup the additional $13,600 pay he will lose under the increased forfeitures. I am uncomfortable with any rationale which requires us to wait three or more years to determine if the sentence is actually less severe. I do not believe this is an appropri-

ate exercise of the convening authority's powers. Moreover, I am concerned that this type of punishment manipulation by the convening authority under the guise of sentence commutation will reflect adversely on our military justice system.

I would hold that any substitution of the bad-conduct discharge that exceeds an additional year of confinement and forfeitures of $400 per month for 1 year to be excessive.

Therefore, I would affirm only so much of appellant's sentence that includes confinement for 24 months and forfeitures of $400 per month for 13 months.