UNITED STATES, Appellee,

v.

**Specialist Logan D. BARRATT, 528–27–9482, United States Army, Appellant.**

**ARMY 9401497.**

U.S. Army Court of Criminal Appeals.

3 Aug. 1995.

---

For Appellant: Captain Blair M. Jacobs, JAGC (argued); Major Roy H. Hewitt, JAGC (on brief).

For Appellee: Captain Michael E. Mulligan, JAGC (argued); Colonel John M. Smith, JAGC, Lieutenant Colonel James L. Pohl, JAGC, Major Lyle D. Jentzer, JAGC (on brief).

Before EDWARDS, GONZALES, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of conspiracy to commit larceny, willful damage to personal property, larceny of personal property, unlawful entry, and false swearing, in violation of Articles 80, 109, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 909, 921, and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to confinement for sixteen months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority substituted a bad-conduct discharge for a reduction in confinement of ten months, and approved a sentence con-

sisting of a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.

Before this court the appellant initially asserted, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), that the convening authority erred in granting his request to reduce that part of his sentence that provided for confinement for sixteen months to confinement for six months and a bad-conduct discharge. Upon review of the record, we ordered counsel for the appellant to file a brief on the following specified issue:

WHETHER THE CONVENING AUTHORITY ERRED BY APPROVING A SENTENCE THAT INCLUDED A BAD–CONDUCT DISCHARGE WHERE NO BAD–CONDUCT DISCHARGE WAS ADJUDGED AT TRIAL.

We have completed our review of the record of proceedings and the briefs filed by the appellant and the government. We have also carefully considered the oral arguments presented by counsel. For the reasons set forth below, we answer the specified issue in the affirmative.

In his Rule for Courts–Martial 1105 [hereinafter R.C.M.] submission, the appellant requested a reduction in "the adjudged term of confinement in my case of sixteen months by ten months, to a total term of confinement of six months and in return separate me from the Army with a Bad Conduct Discharge, which was not adjudged by the court." In his addendum to his recommendation, the staff judge advocate (SJA) recommended to the convening authority that he approve the appellant's request. The SJA characterized the change in the sentence as "mitigation" and within the convening authority's "power to commute," relying on *Waller v. Swift*, 30 M.J. 139 (C.M.A.1990).[1]

---

1. *Waller* involved a petition for extraordinary relief before the former Court of Military Appeals, now the United States Court of Appeals for the Armed Forces. The petitioner questioned the convening authority's power to "commute" a bad-conduct discharge, that was adjudged by a general court-martial, to twelve months of confinement. The court first recognized that the convening authority has the authority to "commute" a sentence under Article 60(c)(2), UCMJ.

It then defined "commute" to mean a reduction in penalty to a less severe one. *Id.* at 143. Although the court indicated that a punitive discharge may lawfully be "commuted" to an appropriate period of confinement, it noted that the process of commutation cannot be handled "mechanically" and requires more than "superficial consideration." *Id.* at 143–44; *see also United States v. Hodges*, 22 M.J. 260 (C.M.A.1986).

The SJA's reliance on *Waller* was misplaced. In *Waller,* the convening authority changed a punitive discharge to a period of confinement pursuant to his broad discretion to commute an adjudged sentence. However, in the present case, confinement was changed to a punitive discharge, an opposite situation where the exercise of that same discretion is limited by two statutes.

■ These statutes were discussed in *United States v. Johnson,* 12 U.S.C.M.A. 640, 31 C.M.R. 226, 1962 WL 4400 (1962), the case the SJA should have relied upon to advise his convening authority to reject the appellant's request. In *Johnson,* the convening authority changed a sentence consisting of confinement at hard labor for one year and forfeiture of all pay and allowances to a bad-conduct discharge. The court held that under 10 U.S.C. § 3811,[2] the convening authority had no judicial authority to approve a punitive discharge when one had not been adjudged by a court-martial. *Id.* 31 C.M.R. at 230–31.

■ The court also indicated in *Johnson* that the change was prohibited by 10 U.S.C. § 864. Changing a period of confinement to a punitive discharge "overreached the scope" of the convening authority's commutation power under Article 64, UCMJ. *Id.* at 231. Although Article 64 has been expanded and redesignated as Article 60, UCMJ, the rationale for this prohibition remains the same—a punitive discharge, as a matter of law, is not a lesser included punishment of confinement.[3] *Id.*

The holding of *Johnson* governs the present case. We find that the convening author-

ity did not have the judicial authority to change confinement to a punitive discharge. 10 U.S.C. § 1169. Furthermore, we find that changing confinement to a punitive discharge overreached the scope of the convening authority's commutation powers. 10 U.S.C. § 860. Accordingly, we hold that the convening authority erred when he approved a sentence that included a bad-conduct discharge when no discharge had first been adjudged by a court-martial.

*Johnson* was returned to a different convening authority for a new recommendation and action, and we could resolve this case in the same manner. However, the appellant has served the approved period of confinement and was released on excess leave. In the interest of judicial economy and fairness to him, and pursuant to our authority under Article 66(c), UCMJ, we will void that portion of the convening authority's action that was illegal. *United States v. Wendlandt,* 39 M.J. 810, 813 (A.C.M.R.1994).

The findings of guilty are affirmed. Only so much of the sentence as provides for confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1 is affirmed.

Senior Judge EDWARDS and Judge RUSSELL concur.

---

2. Section 3811 of Title 10 of the United States Code was the statutory predecessor of the current 10 U.S.C. § 1169 and the language of the two sections is identical. The statute provides that no regular enlisted member of an armed force may be discharged before his or her term of service expires, except under the following circumstances:

  (1) as prescribed by the Secretary concerned;
  (2) by sentence of a general or special court-martial;
  (3) as otherwise provided by law.

This statute expressly and unequivocally prohibits the discharge of a soldier except by affirmative action of certain authorities. *United States v. Johnson,* 12 U.S.C.M.A. 640, 644, 31 C.M.R. 226,

230, 1962 WL 4400 (1962). "[B]y sentence of a general or special court-martial" refers to the adjudication of punitive discharges. *Id.* A punitive discharge cannot be imposed and be a valid penalty, unless it is adjudged in the court-martial sentence itself. *Id.*

3. The court also noted that the consent of the accused was immaterial when it concerned a post-trial change of an adjudged period of confinement to a punitive discharge. We agree and believe that the fact that the appellant in the present case requested the punitive discharge in his R.C.M. 1105 matters is irrelevant. The appropriate time to consider the wishes of an accused who desires a punitive discharge in lieu of confinement is at trial.