168

**UNITED STATES, Appellee**

v.

**Charlie B. CARTER, Jr., Master Sergeant U.S. Air Force, Appellant.**

No. 95–1210.
Crim.App. No. 30962.

U.S. Court of Appeals for
the Armed Forces.

Argued June 5, 1996.

Decided Sept. 27, 1996.

For Appellant: *Colonel Jay L. Cohen* (argued); *Captain Harold M. Vaught* and *Captain Margarete Ashmore, USAFR* (on brief).

For Appellee: *Major Allen G. Erickson* (argued); *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

This case and its outcome can be summarized by the old adage, "Watch what you ask for, you may get it." [1] Here, appellant asked the convening authority to commute his bad-conduct discharge to confinement, and the convening authority complied. On appeal, appellant complains that this commutation was unlawful.

At Shaw Air Force Base, South Carolina, appellant was tried by a general court-martial composed of a military judge alone on August 20, 1993. Pursuant to mixed pleas, he was found guilty of possessing drug paraphernalia, using cocaine, and dishonorably failing to pay a just debt, in violation of Articles 92, 112a and 134, Uniform Code of Military Justice, 10 USC 892, 912a, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 12 months, forfeiture of "$400.00 of your pay for twelve months," and reduction to E–1. On November 19, 1993, the convening authority changed the bad-conduct discharge to an additional 24 months' confinement (for a total of 36 months' confinement) and forfeiture to $400 per month for 35 months (for a total forfeiture of $400 pay per month for 36

---

1. This popular saying probably developed from an idea expressed by George Bernard Shaw in one of his plays:

"There are two tragedies in life, one is not to get your heart's desire. The other is to get it." *Man and Superman,* Act IV (1903).

months), but otherwise approved the sentence. The Court of Criminal Appeals affirmed the findings and the approved sentence on July 31, 1995. 42 MJ 745. On September 9, 1996, the Secretary of the Air Force approved appellant's application for immediate retirement in the grade of technical sergeant.

This Court, on December 14, 1995, granted review on the following issue:

WHETHER THE CONVENING AUTHORITY EXCEEDED LAWFUL PUNISHMENT LIMITS BY COMMUTING A BAD–CONDUCT DISCHARGE TO ADDITIONAL CONFINEMENT OF TWO YEARS.

We conclude that no error of law occurred in this case. *See Waller v. Swift*, 30 MJ 139, 143 (CMA 1990).

The Court of Criminal Appeals summarized the facts giving rise to this issue as follows:

Appellant was a master sergeant with 24 years on active duty at the time of trial. He married for the first time in 1990 and left a few days later for an unaccompanied assignment to Korea. Upon his return, he discovered that his wife was a cocaine addict. Unfortunately, rather than helping her get off the drugs, he also became a cocaine user. A downward spiral began, characterized by declining job performance, borrowing money from subordinates, and financial problems. When appellant was finally confronted by investigators, he confessed and was subsequently tried by court-martial. During the sentencing portion of his court-martial, appellant introduced a financial analysis which estimated a master sergeant's total military retirement compensation as approximately $750,000. Trial defense counsel argued that a punitive discharge was not a fair sentence as it resulted in a $750,000 penalty. However, the military judge disagreed and adjudged a BCD in addition to 12 months confinement. In clemency, both appellant and trial defense counsel asked that the BCD be commuted to an additional, unspecified period of confinement. The convening authority commuted the BCD to 24 months additional confinement and 35 months additional forfeiture.

42 MJ at 746–47.

The Staff Judge Advocate (SJA) who recommended this commutation action to the convening authority justified it as follows:

MSgt Carter received, in a judge alone trial, a severe sentence that included a BCD which, if approved and executed, would result in the total loss of all retirement benefits and pay. After reviewing the submitted clemency matters and thinking about this case at length, I'm persuaded that this is an appropriate case for the exercise of your clemency authority. Among the significant factors that drive this recommendation are:

—MSgt Carter was already retirement eligible before the commission of these offenses.

—His drug offenses are of the less serious use/possession variety *vis a vis* distribution or sale.

—His military record appears to corroborate his version of the facts, that he married a woman who was herself a crack addict, and himself became addicted. His EPRs reflect a steady downward trend over the period of his marriage.

—He appears genuinely interested in trying to get his stuff straight, to the point where he is willing to do significant extra time if he can avoid the BCD and loss of all retirement benefits.

Accordingly, I believe it appropriate to recommend that you commute the BCD to an additional 24 months confinement and additional forfeitures of $400 per month for 35 months. (With regard to forfeitures, the trial judge sentenced him "to forfeit $400 *per month* for twelve months." That misstatement, if uncorrected in this process, would result in Carter receiving full pay—albeit as an AB—during all but one month of his time in confinement.) That will make the approved sentence consist of a total of 36 months confinement, forfeiture of $400 per month for 36 months, and reduction to E–1. That period of confinement should be sufficient to allow him to

receive the drug rehab therapy he wants, and still compete for parole after he has served at least a third of his sentence. He will, under this scenario, be required to retire upon release from confinement.

— — —

Article 60(c)(2), UCMJ, 10 USC § 860(c)(2)(1983), states:

(2) Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section. Subject to regulations of the Secretary concerned, such action may be taken only after consideration of any matters submitted by the accused under subsection (b) or after the time for submitting such matters expires, whichever is earlier. *The convening authority* or other person *taking such action, in his sole discretion, may* approve, disapprove, *commute,* or suspend *the sentence in whole or in part.*

*(Emphasis added.)* See Art. 64(c)(1)(B), UCMJ, 10 USC § 864(c)(1)(B)(1983) (A convening authority in a case not reviewed under Article 66 or 69, UCMJ, 10 USC §§ 866 or 869 "may ... commute ... the sentence, in whole or part."); *see also* RCM 1107(d)(1), Manual for Courts–Martial, United States, 1984 ("the convening authority may ... change a punishment to one of a different nature as long as the severity of the punishment is not increased."). The thrust of appellant's argument is that 24 months of additional confinement is *per se* more severe than a bad-conduct discharge, a view shared by Chief Judge Dixon, dissenting, below. We disagree.

In *Swift,* 30 MJ at 143, this Court noted that to commute a sentence means "a reduction of penalty," not "merely a substitution." This understanding of the term is long established as a matter of military law. *See* W. Winthrop, *Military Law and Precedents* 471–72 (2d ed. 1920 Reprint). This Court also has commented that in determining the lawfulness of a commutation, in terms of relative severity, it is necessary to consider *all the circumstances* in a particular case. *Waller,* 30 MJ at 143; *see United States v.*

*Darusin,* 20 USCMA 354, 356, 43 CMR 194 (1971) (no fixed table of substitutes). Accordingly, we reject appellant's argument that 2 years' additional confinement as a matter of law is an unlawful substitute punishment for a bad-conduct discharge.

Thus, the actual question before us is whether commutation of appellant's bad-conduct discharge to additional confinement and forfeitures increased the severity of his adjudged penalty. For several reasons, we think not. First, we note that he requested commutation of the bad-conduct discharge to confinement without setting any conditions as to the length of confinement to be substituted. Any error in the subsequent commutation was, at least partially, induced by his own action and his counsel's. *See United States v. Schnitzer,* 44 MJ 380 (1996); *United States v. Hodges,* 22 MJ 260, 264 (CMA 1986).

Second, appellant in his clemency letter to the convening authority clearly indicated his view of the severe financial repercussions of the punitive discharge on his life. He wrote:

I now ask that you to [sic] have some compassion and mercy on me with the knowledge of my mistake. Prior to my illegal use of cocaine I served my country with great honor for *over 23 years* without blemish. I am asking you to give favorable consideration to that honorable time served and allow me to retain my retirement benefits by not approving my punitive discharge.

If granted, my retirement will be in recognition of those 23 years of faithful and honorable service prior to my conviction. If denied retirement benefits, *I stand to lose approximately $750,000.00 according* to an analysis prepared by the Accounting and Finance Office. To add, I am now 42 years of age with a federal conviction-employment will be difficult. My retirement will benefit my support of my 15 year old son and the baby that my wife is carrying.

Sir, if it means serving more confinement time in order that I may retain my retirement, then so be it. I will serve

more confinement in exchange for the opportunity to retire from the Air Force. Thank you for your consideration and time.

(Emphasis added.) In this context, additional confinement of 2 years can rationally be considered "less severe." *See generally Waller, supra* at 143, *citing United States v. Hodges,* 22 MJ 260, 262 (CMA 1986).[2]

Third, appellant entered no protest as to the legality of his additional confinement and forfeitures when the SJA recommended this action to the convening authority. *See* RCM 1106(f)(4). Moreover, at that time he did not request that his bad-conduct discharge be approved in lieu of this additional confinement. Finally, his earlier request makes clear that he was even prepared to assume the risk that his retirement request might not be granted. Appellant's conduct is strong evidence that the commuted penalty

was less severe than that adjudged at trial. *See also Waller v. Swift, supra* at 144.

In sum, the staff judge advocate's recommendation firmly established a reasonable basis for the convening authority's action in this case. *See United States v. Johnson,* 12 USCMA 640, 645, 31 CMR 226, 231 (1962) (severity-of-penalty question to be viewed realistically and practically). Although a more formal notice procedure might be appropriate, we are persuaded that appellant was not caught by surprise in this matter. Accordingly, we hold that the commutation of appellant's sentence was lawful.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and ANDERSON[3] concur.

---

2. The Court of Criminal Appeals also implied in this case that the additional forfeitures were not really punishment. It noted:

> In any event, as appellant's term of service expired before trial and he was retained on active duty via an administrative hold, no pay accrues and forfeitures cannot be collected. *See* Department of Defense (DoD) Financial Management Regulation, DoD 7000.14–R, Volume 7A, Section 70507d and 70508b, December 1994. Therefore, the approval of forfeitures is a nullity.

42 MJ 745, 747 (1995). Appellant has not disputed this contention.

3. Judge G. Ross Anderson of the United States District Court for the District of South Carolina, sitting by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).