**UNITED STATES, Appellee,**

v.

**Sergeant Robert L. MITCHELL, Jr., United States Army, Appellant.**

**ARMY 9601800.**

U.S. Army Court of Criminal Appeals.

17 June 2002.

Before CAIRNS, Senior Judge, CHAPMAN, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

CAIRNS, Senior Judge:

At a contested general court-martial, a panel of officer and enlisted members convicted the appellant of wrongful distribution of a controlled substance (five specifications), wrongful introduction of a controlled substance with the intent to distribute, larceny, adultery, and obtaining services under false pretenses, in violation of Articles 112a, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921, and 934 [hereinafter UCMJ]. The convening authority approved the sentence consisting of a bad-conduct discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1.

In an unpublished opinion, we set aside and dismissed the findings of guilty of two of the five specifications alleging distribution of a controlled substance because the evidence was factually insufficient to support those two findings of guilty. We affirmed the remaining findings of guilty, set aside the sentence, and authorized a rehearing on the sentence. *United States v. Mitchell,* ARMY 9601800 (Army Ct.Crim.App. 28 Dec. 1998) (unpub.).

At the sentence rehearing, a panel of officer and enlisted members sentenced the appellant to a dishonorable discharge, confinement for six years, and reduction to Private E1. The convening authority approved the adjudged sentence (hereinafter rehearing sentence) and ordered that the appellant be credited with 998 days of confinement already served. The case is now before the court for further review under Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The appellant asserts that the convening authority violated Article 63, UCMJ, 10 U.S.C. § 863, and Rule for Courts–Martial 810(d)(1) [hereinafter R.C.M.] when he approved that part of the adjudged rehearing sentence that provided for a dishonorable discharge. The appellant argues that because his original sentence included only a bad-conduct discharge, approval of that part of the rehearing sentence extending to a dishonorable discharge violated the rule against approval of a more severe sentence on rehearing than previously approved. We disagree and affirm.

## Law

Article 63, UCMJ, provides that "[u]pon a rehearing . . . no sentence in excess of or more severe than the original sentence may be approved."[1] Rule for Courts–Martial 810(d)(1) provides that "offenses on which a rehearing . . . has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial." The discussion that supplements R.C.M. 810(d)(1) states, "In approving a sentence not in excess of one more severe than one imposed previously, a convening authority is not limited to approving the same or lesser amount of the same type of punishment formerly approved."[2]

## Discussion

■ The appellant cites no cases directly supporting his assertion that a convening authority may not approve a more severe punitive discharge adjudged at a rehearing than was previously approved, even if the approved rehearing sentence as a whole is less severe than the previously approved sentence. Instead, he advances a two-step argument. First, he argues with logic and authority that a dishonorable discharge is more severe than a bad-conduct discharge—a proposition with which we agree. Second, he asserts that "[t]he fact that appellant's sentence on rehearing included less confinement and did not include the forfeitures of the earlier sentence does not justify the approval of a more severe discharge." In support of this proposition, the appellant cites the following commutation cases—not rehearing cases—that hold a convening authority may not lawfully commute confinement to a punitive discharge, where no discharge was previously adjudged: *United States v. Prow*, 32 C.M.R. 63, 1962 WL 4451 (C.M.A.1962);[3] *United States v. Johnson*, 31 C.M.R. 226, 1962 WL 4400 (C.M.A.1962). *See also United States v. Barratt*, 42 M.J. 734 (Army Ct.Crim.App.1995). The appellant argues that, just as it is improper to commute a period of confinement to a punitive discharge, it is improper for a convening authority to approve a more severe punitive discharge on rehearing than was previously approved. Such action, he argues, cannot be justified on the basis that the overall sentence was not in excess of or more severe than the previously approved sentence. He specifically asserts that the reduction in confinement by four years and the elimination of the forfeitures in his case cannot collectively off-set the enhanced punitive discharge, such that the overall approved rehearing sentence

1. The statute provides certain exceptions that do not apply in this case.

2. Considering the language of Article 63, UCMJ, and the wording of R.C.M. 810(d)(1), we deduce that the drafters intended to state in the discussion: "In approving a sentence not in excess of [or] more severe than [the] one imposed previously . . . ." The Code committee may wish to review the wording of this sentence.

3. The appellant cited *Prow*, which held that a convening authority may lawfully commute a bad-conduct discharge to confinement for three months and forfeitures of $30.00 per month for three months, because the commuted sentence is less severe than the adjudged sentence. In doing so, the Court of Military Appeals cited their holding in *Johnson* with approval, and we presume that is the reason the appellant cited *Prow* in their brief.

is not "in excess of or more severe than" the previously approved sentence.

The appellant's reliance on the commutation cases is misplaced. Those cases are distinguishable from the appellant's case in one very important respect—the convening authorities commuted adjudged confinement to punitive discharges when no punitive discharges had been adjudged by the courts-martial. In *Johnson*, for example, the accused was sentenced to confinement for one year and forfeiture of all pay and allowances. 31 C.M.R. at 227. The convening authority changed the confinement portion of the appellant's sentence to a bad-conduct discharge because, in the convening authority's judgment, the appellant's misconduct demonstrated his unsuitability for retention in the Army. *Id.* The board of review concluded that the convening authority's action increased the severity of the penalty, and, therefore, was illegal. The Court of Military Appeals affirmed the decision of the board of review, holding that under 10 U.S.C. § 3811, a convening authority does not have the authority to approve a punitive discharge when one has not been adjudged by a court-martial. *Id.* at 230–31. Section 3811 of Title 10 of the United States Code, the predecessor provision of the current 10 U.S.C. § 1169, provided that no regular enlisted member of the Army may be discharged before his or her term of service expired, except: (1) as prescribed by the Secretary of the Army; (2) by sentence of a general or special court-martial; or (3) as otherwise provided by law.

Similarly, in *Barratt* the convening authority granted a request by the appellant to substitute a bad-conduct discharge in exchange for a reduction of ten months of confinement adjudged by the court-martial. 42 M.J. at 735. In applying the *Johnson* precedent, our court held the convening authority's action invalid because he did not have the judicial authority under 10 U.S.C. § 1169 to change confinement to a punitive discharge when none had been adjudged by the court-martial and because the convening authority overreached the scope of his commutation powers under Article 60, UCMJ, 10 U.S.C. § 860.[4] *Id.* at 736.

Unlike *Johnson* and *Barratt*, the convening authority in the appellant's case approved a dishonorable discharge that was actually adjudged by the court-martial. Hence, the punishment approved by the convening authority in the appellant's case was lawfully adjudged by a duly constituted court-martial in accordance with proper instructions that were consistent with the provisions of Article 63, UCMJ, and R.C.M. 810(d). In as much as the discharge was actually adjudged by a court-martial, it does not run afoul of 10 U.S.C. § 1169.

Quite apart from the appellant's misplaced reliance on the commutation cases, the appellant's central argument—that the convening authority cannot approve a more severe discharge adjudged at a rehearing than was originally approved—ignores the plain language of Article 63, UCMJ, and R.C.M. 810(d). Under the statute, the only constraint upon a convening authority's action on a rehearing sentence is that he or she may not approve a rehearing sentence "in excess of or more severe than the original

---

4. Our search for a definition of commutation under military law leads us to a much earlier version of the Manual for Courts–Martial. The 1951 version of the Manual for Courts–Martial vested in the President and the Secretary of a Department the power to commute certain sentences. Such commutation was defined as the authority "to change a punishment to one of a different nature." *Manual for Courts–Martial, United States*, (1951 ed.), para. 105a. Mitigation was recognized as the power to reduce the quantity or quality of a punishment while the general nature of the punishment remains the same. *See id.* at para. 88c. Although the terms "commutation" and "mitigation" are not defined in conjunction with the convening authority's powers to take court-martial action under the current UCMJ and Manual, those same powers are conferred upon a convening authority "in his sole discretion" under Article 60(c)(2), UCMJ, and as a matter of command prerogative, in R.C.M. 1107(d)(1): "The convening authority may for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature as long as the severity of the punishment is not increased." An argument may be made that *Barratt* was wrongly decided, and that *Johnson* would be decided differently today, because the convening authority's sole discretion to commute under Article 60(c)(2), UCMJ, constitutes the authority under 10 U.S.C. § 1169 to discharge enlisted members "as otherwise provided by law."

sentence." UCMJ art. 63. Rule for Courts–Martial 810(d) further constrains the convening authority from approving a rehearing sentence in excess of or more severe than the sentence previously approved by the convening or higher authority. Neither provision requires that each element of the approved rehearing sentence be equal to or less than a corresponding element of the original sentence.

Indeed, the discussion to R.C.M. 810(d) explains that a less severe sentence than one previously adjudged or approved may include types of punishment not previously adjudged or approved. This explanation reflects the holdings in *United States v. Smith*, 31 C.M.R. 181, 1961 WL 4557 (C.M.A.1961), and *United States v. Kelley*, 17 C.M.R. 259, 1954 WL 2599 (C.M.A.1954).[5] Both cases dealt with whether a rehearing sentence could include elements not previously adjudged in the original trials. In *Kelley*, the original sentence was a bad-conduct discharge, and in *Smith*, it was a bad-conduct discharge and reduction to Private E1. In holding that there were alternative penalties available on rehearing, the *Smith* court cited *Kelley* as follows:

> Suffice it to say that the issue before us is not the distinction between mitigation and commutation, and its consideration of whether one punishment is different in kind from that of another, but whether there are legal punishments less severe than a bad-conduct discharge which can be adjudged by a court-martial on a rehearing.
>
> In the latter connection, *the Uniform Code does not limit the court to the imposition of such punishment as is necessarily included within the original sentence; it requires only that the sentence adjudged on rehearing be not more severe than, or in excess of, that originally imposed.*

*Smith*, 31 C.M.R. at 183 (emphasis added).[6]

We have found no case in which a convening authority, in taking action on a sentence adjudged at a rehearing, approved a more severe form of punitive discharge than previously approved. Nevertheless, we hold that neither Article 63, UCMJ, nor R.C.M. 810(d) constrain a convening authority from approving elements of a rehearing sentence, including a more severe punitive discharge, that were not previously adjudged or approved, so long as the overall sentence is not more severe than that which was previously approved.[7]

■ Our holding begs the question of how a convening authority, or an appellate court, determines whether an approved rehearing sentence is in excess of or more severe than a previously approved sentence in the same

---

5. Language similar to that currently found in the discussion to R.C.M. 810(d)(1) first appeared as part of paragraph 81d(1), Manual for Courts–Martial, United States, 1969. Paragraph 81d(1) implemented the then-existing version of Article 63(b), UCMJ, which was slightly different from the present-day version of the statute. The former provision prohibited a court-martial upon rehearing from *imposing* a sentence more severe than the original sentence, whereas the present-day Article 63 restricts the convening authority from *approving* a more severe sentence. That distinction aside, the analysis of paragraph 81(d) explained "that in adjudging a less severe sentence at a rehearing or new trial, the court *is not limited to adjudging the same or a lesser form or amount of the same type of punishment originally adjudged.*" (emphasis added). This language, the progenitor of the current discussion of R.C.M. 810(d)(1), was based upon *United States v. Smith* and *United States v. Kelley.* Dep't of Army, Pam 27–2, Analysis of Contents Manual for Courts–Martial, United States 1969, Revised Edition, Chapter 15 (28 July 1970).

6. *See also United States v. Becker*, 53 M.J. 229, 233 (2000).

7. In so holding, we decline to follow the decision in *United States v. Ellis*, 28 C.M.R. 499, 1959 WL 3494 (A.B.R.1959). The *Ellis* Board of Review decided, without analysis or citation of precedent, that the then-existing Article 63(b), UCMJ, language "in excess of" precluded the approval of an element of the rehearing sentence not adjudged or approved in the original trial. *Ellis* is not directly on point with the appellant's case because a punitive discharge *was* adjudged in the appellant's original trial. We find it unpersuasive authority. Likewise, we decline to follow our sister court's more explicit and similar holding in *United States v. Miller*, 6 C.M.R. 493, 1952 WL 2410 (C.G.B.R.1952). In our view, *Smith* and *Kelley* eclipsed *Miller.* Neither *Ellis* nor *Miller* have even been cited by another court.

case.[8] Case law suggests an objective test. *See Smith*, 31 C.M.R. at 182–183 (law officer did not err in instructing members they must decide, *as reasonable persons*, whether the rehearing sentence is of lesser severity than the original sentence); *United States v. Christensen*, 30 C.M.R. 959, 964–65, 1961 WL 4505 (A.F.B.R.1961) (applied an objective standard in determining relative severity of commuted sentence). Accordingly, we will apply an objective test that asks whether a reasonable person, viewing the appellant's approved rehearing sentence as a whole, would consider it in excess of or more severe than the appellant's originally approved sentence.

In appellant's case, we must analyze whether the decrease in confinement by four years and elimination of forfeitures justifies an enhancement of the appellant's bad-conduct discharge to a dishonorable discharge, such that the sentence as a whole is objectively not more severe, or in excess of, the originally approved sentence. It has long been recognized that, when it comes to the relative severity of punitive discharges compared to other punishments, such as confinement, there is no "fixed table of substitutions." *United States v. Darusin*, 43 C.M.R. 194, 196 (C.M.A.1971). In fact, although R.C.M. 1003 and R.C.M. 1107 offer some guidance on the equivalency of certain deprivations of liberty and punishments involving pay, and although the 1969 version of the Manual for Courts–Martial included a specific Table of Equivalent Punishments[9] for those categories of punishments, there has never been any attempt to establish equivalencies between punitive discharges and other punishments.

On a case-by-case basis, our superior court has viewed the relative severity of sentences "realistically and practically," considering all the circumstances of individual cases, but there is no precise formula for determining the relative severity of a punitive discharge and confinement. *United States v. Carter*, 45 M.J. 168, 170–171 (1996) (citing *Waller v. Swift*, 30 M.J. 139, 143 (C.M.A.1990); *United States v. Johnson*, 31 C.M.R. at 231). Indeed, courts have come to various conclusions, some arguably inconsistent, regarding the relative severity of confinement and punitive discharges.

In *Swift*, the Court of Military Appeals held that the convening authority's commutation of a bad-conduct discharge to confinement for one year resulted in a more severe sentence under the circumstances of that case. 30 M.J. at 145. *But see id.* (Cox, J., dissenting). In that case, the accused testified that he "would just like to be able to be discharged from the military under a dishonorable condition [sic] and go out and make a career," and his trial defense counsel argued for no confinement in exchange for a punitive discharge. *Id.* at 140. The convening authority approved the staff judge advocate's recommendation to commute the appellant's sentence, over the vigorous opposition of the appellant.[10] Despite the conclusion that the commuted confinement was more severe than the adjudged bad-conduct discharge, the *Swift* court recognized that "[o]n at least one prior occasion, this Court has implied that 'replacement of an adjudged punitive discharge with confinement at hard labor for one year would not increase the severity of the sentence.' *See United States v. Darusin.*" 30 M.J. at 144 (citation omitted). In contrast to *Swift*, our superior court held in *Carter* that confinement for two years was not more severe than a bad-conduct discharge in circumstances where the appellant requested commutation of the discharge to confinement. 45 M.J. at 171.

---

8. This very question inspired Judge Brosman's critical concurrence in *Kelley*, 17 C.M.R. at 263.

9. *See Manual for Courts–Martial, United States*, (1969 ed.), para. 127(c).

10. In contrast, the record in the case shows that the appellant recognized that he would in all likelihood be punitively discharged and sentenced to confinement. The trial defense counsel argued for no more confinement than the time the appellant had already served. In his post-trial submission, comprised primarily of clemency matters, the defense counsel asked that the convening authority only approve a bad-conduct discharge, but he did not articulate a legal argument that the convening authority was precluded from approving the adjudged rehearing sentence because of Article 63, UCMJ, or R.C.M. 810.

942

■ In the appellant's case, we are quite satisfied that any reasonable person would view the appellant's rehearing sentence of a dishonorable discharge, confinement for six years, no forfeitures of pay, and reduction to Private E1—taken as a whole—to be less severe than the originally approved sentence of a bad-conduct discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1. Before the convening authority took his action in the appellant's case, the staff judge advocate advised the convening authority that "R.C.M. 810(d)(1) mandates that you may not approve a 'sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial.'" Therefore, in approving the rehearing sentence, the convening authority presumably concluded that the reduction in confinement by four years and the elimination of all forfeitures resulted in a less severe sentence than was previously approved, despite the approval of a more severe punitive discharge on rehearing. In other words, four years confinement and total forfeitures is more severe than the difference between a bad-conduct discharge and a dishonorable discharge.

We cannot imagine any reasonable soldier desiring to spend four more years in confinement in order to avoid the increased severity of a dishonorable discharge over a bad-conduct discharge. Neither can we imagine that any reasonable person, viewing these options as a whole, would view the enhanced severity of the dishonorable discharge to be more severe than confinement for four years and total forfeitures of pay and allowances.

As the government suggests in their brief, aside from the minor differences in the limited Veterans' Benefits deriving from the different punitive discharges, the real difference is in the increased stigma that attaches to a dishonorable discharge as compared to a bad-conduct discharge. We do not underestimate the difference in stigma between the two characterizations of discharges, and we acknowledge the described differences between a dishonorable and a bad-conduct discharge as articulated in the Rules for Courts–Martial and the Military Judges' Benchbook. *See* R.C.M. 1003(b)(8); Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook, para. 2–5–22 (1 Apr. 2001). On an objective basis, however, those differences do not outweigh the severity of four years of confinement and total forfeitures of pay. Accordingly, we hold that the approved rehearing sentence was not more severe, or in excess of, the originally approved sentence in this case.

We have considered the matters personally submitted by the appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

Having previously affirmed the findings of guilty, the sentence on rehearing is affirmed.

Judge CHAPMAN and Judge BROWN concur.